A. B. SMITH, *Sheriff,* v. JAMES MARTIN, *Assignee, &c.*

1. RETURN OF OFFICER; *When Amendment Not Allowed.* An officer's return on a writ is, to say the least, as against him *prima facie* correct, and he should not be allowed to amend it, until he makes it clear that there is error in it, especially when the effect of the amendment is to diminish his own liability, and more especially when the party in whose favor the return was made, resting upon the faith of such return, would suffer loss by the amendment.

2. PRESUMPTION; *Duty of Officer; Conflicting Testimony.* An officer is presumed to follow the law, and obey the orders of the court; and this presumption will often turn the scale in a matter of conflicting testimony.

*Error from Atchison District Court.*

IN February 1875, the Atchison Savings Bank recovered a judgment in the Atchison district court against John Costello and M. M. Herrington for $277, and costs. On this judgment a writ of execution was issued to *Smith,* sheriff of Jewell county. For the alleged failure of such sheriff to properly execute such writ, *Martin,* an assignee of said Atchison Savings Bank, moved to amerce such officer. The district court, at March Term 1877, gave judgment, amercing *Smith* in the sum of $297.25, from which judgment he appeals, and brings the record here on error for review.

*W. W. Guthrie,* for plaintiff in error.

*Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was a proceeding in the district court of Atchison county, to amerce the plaintiff in error as sheriff of Jewell county, for negligence in respect to an execution. The testimony was all in writing, and was somewhat conflicting. These facts are however undisputed: On 29th September 1875, execution was issued from the Atchison county district court, which, on 4th October

<small>Statement of facts.</small>

1875, was received by the sheriff. At that time no other process against the defendant on the judgment was in the sheriff's hands. Shortly thereafter orders of attachment against said defendant were issued from the district court of Jewell county and placed in the sheriff's hands, and by him levied upon a stock of goods. The loss of priority was, as claimed by the sheriff, by reason of the attorney's direction not to levy the execution until further orders. The goods were by order of the judge sold, and the proceeds amounted to about $1,400, several times the amount of defendant-in-error's judgment. The execution was returned 26th November 1875, showing the receipt of an indemnifying bond, and a levy subject to the levy under the orders of attachment. An alias execution was issued on the 11th of January 1876, which reached the sheriff's hands on January 13th. Motions were made to dissolve the attachments, and these motions were sustained, to take effect January 14th, at which time the sheriff was directed to return the money in his hands, the proceeds of said sale, to the judgment-debtor. The sheriff returned upon this last execution that he had collected three dollars, and no more.

Pending the motion to amerce, the sheriff made application for leave to correct the return on the first execution so as to 1. Amending re-turn of officer. show that he had demanded an indemnifying bond and had not received one, and therefore had refused to make any levy. This application was refused. In this refusal it is alleged that the court erred. But we think not, for these reasons: When an officer makes a return upon process, it is, to say the least, as against him *prima facie* correct, and he should not be permitted to amend it until he makes it clear that it was erroneous. This, true in all cases, is especially true when the effect of the return as first made is a liability upon him, and the amendment would operate to relieve him from liability. And still more true, when the party in whose favor the return was made, resting upon the faith of the return, would suffer loss by the amendment.

Now in the case at bar the return was made in November 1875, and the application to amend in May 1876. The effect of the first return was to cast a liability upon the sheriff; of the proposed amendment, to relieve him therefrom. The plaintiff in the execution might well rest upon the first return; while if it had been as in the proposed amendment, he would naturally have taken other steps to collect his debt. Upon the testimony it would seem probable that the sheriff did not receive any indemnifying bond, but also probable that one was prepared and forwarded from Atchison to Jewell county, to be delivered to him in case he demanded one, and probable that both before and after the issue of the execution he stated to plaintiff's attorney that he did not desire an indemnifying bond, but would be satisfied if they would agree to see him through and save him harmless, which they did. Under those circumstances we cannot hold that the district court erred in refusing to permit the amendment.

Did the court err in holding the sheriff liable? We think not. Here again we are met by conflicting testimony. Two witnesses testify to the effect, that on 13th January 1876, when the last execution was placed in his hands he stated that he had only paid out $290 of the proceeds of the sale, which would leave an ample amount to cover plaintiff's execution, while the sheriff and another witness testify that some five hundred dollars were paid over to the attorney for Harrington about three hours before the execution reached him. Where the testimony is thus conflicting, we think the district court properly rested on the presumption that the sheriff obeyed the orders of the court, rather than the wishes of the parties. The court dissolved the attachment, and ordered the money to be returned on the 14th. The duty of the officer was to obey that order. The presumption is that he did. And the district court might well rest upon this presumption in the face of conflicting testimony. We think it properly held that the sheriff had moneys of the defendant in his possession which it was his

2. Amercement of sheriff.

duty to apply on the last execution when he received it.   Of course, this brings the case within the very letter of the statute.   There was a neglect to execute the writ.

It may be, and doubtless is true, as counsel claim, that this proceeding is severe and summary.   It may be that it was hard on the sheriff to be compelled to litigate this question, two hundred miles away from home, and upon written evidence.   But the law has placed this power of amercement in the hands of the court, so that every sheriff throughout the state may remember that there is no safety in any departure from the strict letter of the law, or the very terms of any order of the court.   And we cannot see in this case that the district court deprived the officer of any testimony he had or claimed to have, or failed to give him every opportunity for making a full defense to the motion.   Upon the testimony thus presented we see, as we have stated, no error; and the order of the district court must be affirmed.

VALENTINE, J., concurring.

HORTON, C. J., not sitting, having been of counsel in the case.