PATRICK• FAY, *et al.*, v. JAMES M. EDMISTON.

1. AMERCEMENT; *Sureties.*   An order or judgment of amercement against a sheriff is only *prima facie*, and not conclusive evidence against his sureties.

2. JUDGMENT AGAINST SHERIFF; *Question as to Sureties.*   In an action against the sureties the question is not whether the judgment against the sheriff was obtained by fraud, collusion or mistake, but whether, upon the facts as they really existed, there was any liability.   The judgment is *prima facie* evidence of the truth of the charges, but those charges are open to inquiry.   The question is not how the judgment against the sheriff was obtained, but ought it, upon the facts, to have been obtained?   Was there, in truth, a breach of the bond?

*Error from Jewell District Court.*

AT the September Term, 1880, of the district court, *Edmiston*, as plaintiff, recovered a judgment for $952.25 against

defendants, *Fay* and two others, who bring the case here. The nature of the action, and the facts, appear in the opinion.

*C. Angevine,* for plaintiffs in error:

The principal question raised by the record is: In a suit against Smith, and the sureties on his official bond, is the order of amercement against him conclusive evidence against the sureties of the plaintiff's right to recover, and of the amount of his recovery? The general rule is, that a judgment binds no one but parties and privies thereto. (6 Wait's Actions and Defenses, 787–8; 20 Ark. 629; 17 Serg. & R. 358; 1 Starkie Ev., part 1, 192; 43 Ind. 51, 58; 1 Gr. Ev. § 522; 12 Kas. 139.)

The plaintiffs in error were in no sense parties to the amercement proceedings. (1 Gr. Ev., § 523; 64 Pa. St. 242; 6 Wait's Actions and Defenses, 802; 50 Barb. 397; 33 Ala. 469; 15 Wis. 1; 2 Gratt. 250; 31 Conn. 530; 23 Ga. 418; 34 Me. 172.) Neither were they privies. (Herman on Estoppel, pp. 49, 50, § 56; 24 Wend. 35; 8 Blackf. 9; 25 Ala. 300; 31 id. 659; 4 Hawks, 34; 17 Serg. & R. 358; 12 Kas. 127; Bigelow on Estoppel, 75; 64 Pa. St. 242.)

Being neither parties nor privies to the order of amercement, the sureties are not estopped by it, but may make any defense in an action against them that Smith might have made in the amercement proceedings. (4 Hawks, 34; 14 Cal. 202, 204; 7 Ga. 445, 456; 35 N. Y. 121; 15 id. 405; 5 Binney, 184; 12 Wheat. 515; 4 Hill, 522, 530; 5 id. 131, 136; 3 N. H. 491; 5 id. 63; 7 Greenl. 198; 9 Yerg. 111; 24 Wend. 35, 58; 2 Gill & J. 235; 2 Rand. 318, 343; 14 Ohio St. 73, 76; 7 Nev. 163; 15 Mass. 6; 54 id. 309; 4 Coldw. 199; 3 Har. & M. [Md.] 242; 6 Ala. 826; 3 How. [Miss.] 236; 30 N. J. Eq. 435; 64 Pa. St. 242; Brant on Suretyship, 524; 6 Wait's Actions and Defenses, 787–8; 1 Gr. Ev. § 252; Herman on Estoppel, pp. 49, 50, § 56; 70 N. Y. 253; 1 Blackf. 787; 2 id. 26, 222; 9 La. Ann. 74; 16 Ga. 578; 1 Stark. Ev. 323; 43 Ind. 51, 58; 20 Ark. 629.)

*Everest & Waggener*, for defendant in error:

In the amercement proceedings against the sheriff, if judgment had been entered in his favor, in a subsequent action against the sureties, they could plead such judgment as a complete bar to the action against them, although they were not in fact parties to the original proceedings. (56 Mo. 437; 13 La. Ann. 249.)

In the case of *Knox v. Merrill*, (22 Kas. 587,) it is decided that an order of amercement is a judgment. Under the pleadings, we insist that the judgments were conclusive as against the sureties on the bond. (3 Ohio, 488; 2 id. 349; 4 Wash. 31; 10 Wall. 588; 7 Barr, 265.)

In *Fay v. Ames*, 44 Barb. 327–335, which was an action against the sureties of a deputy sheriff, the court says: "The surety is not at liberty, in such actions upon the bond, to litigate over again the liability of the sheriff in the former action; nor to prove any facts in exoneration of his principal, which the latter set up as a defense in the former suit. Where parties join in a bond of indemnity, as principal and sureties, they are in privity of contract with each other, and are to be regarded and treated, *quoad* the contract, and the rights and liabilities growing out of it, as one person. In such case, notice to one is notice to all." (See also 2 Fla. 598; 5 Allen, 409; 36 Vt. 308; 20 Pick. 53; 7 Barr, 265; 5 Porter, 202; 1 J. J. Marsh. 177; 27 Mo. 340; 25 Cal. 224; 23 Kas. 242–244.)

In Freeman on Judgments, §180, p. 88, it is said that "the rule applicable to the sureties of an administrator, is, in general, applicable to sureties on the official bonds of sheriffs, constables, guardians and trustees." (See also 7 Pa. St. 265; 15 Ill. 159; 8 Watts, 398; 17 Serg. & R. 354; 5 Whar. 144; 4 McLean, 125.)

In any event, judgments of amercement are *prima facie* evidence against the sureties, and such *prima facie* evidence can only be rebutted by showing fraud, collusion, or mistake

in the rendition of the judgment. (4 McLean, Ct. Ct. 577; 38 Miss. 476; 16 Ga. 578; 115 Mass. 27.)

The opinion of the court was delivered by

BREWER, J.: At the March term, 1877, the district court of Atchison county gave judgment amercing A. B. Smith, sheriff of Jewell county, which judgment was excepted to, and subsequently, at the July term, 1878, affirmed by this court. (*Smith v. Martin,* 20 Kas. 572.) After the affirmance of the judgment of amercement, it was duly assigned to the defendant in error, who thereafter instituted an action in the district court of Jewell county, against A. B. Smith and the sureties on his official bond, viz., Patrick Fay, J. D. Robertson and O. L. McClung, to recover judgment for the amount in which the district court of Atchison county had amerced A. B. Smith, as sheriff of Jewell county. A certi-fied copy of the judgment of amercement was attached to the petition of the defendant in error, as a part thereof, and also a certified copy of the official bond of said A. B. Smith. To this petition the plaintiffs in error filed an answer, admitting that James M. Edmiston was the owner of the judgment against A. B. Smith, and that the same had been duly trans-ferred to the plaintiff, but denied each and every other allegation therein contained.

A special defense to the cause of action set forth in the petition of the plaintiff is alleged in the answer, which is substantially the same defense presented by the sheriff, A. B. Smith, to the motion made to amerce him in Atchison county. (20 Kas. 572.) There is no allegation in this answer that the judgment of amercement was obtained by fraud, nor does the answer contain any defense to the judgment. To this answer the plaintiff filed a reply, (general denial,) and there-after filed a motion for judgment on the pleadings, notwith-standing the answer of the defendants. This motion was sustained, and judgment entered in favor of the plaintiff and against the defendants. The defendants excepted to this judgment, and now seek a reversal.

Since this case has been filed in this court we have decided
that the order or judgment in amercement pleadings against
the sheriff is only *prima facie,* and not conclusive evidence
against the sureties. (*Graves v. Bulkley,* ante, p. 249.) That
case was pending before us for some months, and was the
subject of special examination and study. That decision
practically disposes of this case. It settles the main question.
It is useless to enter upon any further discussion of it, yet we
cannot forbear saying that the counsel in this case have filed
very full and satisfactory briefs upon the subject — briefs
which would have assisted us materially in our examination.
Counsel for defendant in error further urge that — we quote
from their brief — in any event, judgments of amercement
are *prima facie* evidence against the sureties, and such *prima
facie* evidence can only be rebutted by showing fraud, col-
lusion, or mistake in the rendition of the judgment.

We do not so understand the rule. The order or judgment
is *prima facie* evidence against the sureties, and if nothing fur-
ther is offered, the plaintiff is entitled to a judgment against
them; but if they seek to make a defense, that defense is not
as to the manner in which the judgment was obtained, but as
to the truth of the charge upon which that judgment was
based. Conceding that there was no fraud, collusion, or mis-
take in the judgment as rendered, and still it does not follow
that judgment must go against the sureties. The sheriff, hon-
estly endeavoring to make a defense, may have omitted some
material fact, and so judgment may properly be rendered
against him upon the facts as presented; or, he may uninten-
tionally but negligently have omitted to make the proper
return upon the process in his hands, and leave to amend and
correct his return may be refused, and so the judgment be
correctly rendered, (the question of amendment of return was
one of the principal questions in the case as presented in 20
Kas., *supra,*) and yet upon the facts as they really existed, the
sheriff may not have been guilty of any wrong or chargeable
with any amercement. The question is not how the plaintiff
obtained his judgment against the sheriff, but are the charges

upon which that judgment was based really true?˝ The judgment is *prima facie* evidence of their truth, but not being conclusive, the facts themselves are still open to investigation. So that the original facts are open to inquiry in this action. It is evident to our minds, however, that the judgment against the sureties was entered by the district court upon the theory that the judgment against the sheriff is conclusive against them. That being erroneous, (*Graves v. Bulkley*, supra,) the judgment must be reversed, and the case remanded for further proceedings.

A technical question might be raised upon the identification of the defense presented with the matter upon which the amercement judgment was based. The record does not distinctly show upon what ground the amercement was based, and the facts stated in the answer do not exclude the possibility of other matters being in fact the basis thereof. Still, counsel, familiar with the facts and knowing the identity, have made no question of that kind before us, obviously seeking no unjust advantage of each other, and seeking a decision upon the substantial and vital questions of difference. The judgment will be reversed, and the case remanded for further proceedings.

VALENTINE, J., concurring.
HORTON, C. J., not sitting.