| 28 | 105 |
| 40 | 43 |

## PATRICK FAY, et al., v. JAMES M. EDMISTON.

1. JUDGMENT of Amercement; Sec. 478 of Code, Construed. Where a judgment of amercement has been rendered against a sheriff for a breach of official duty, held, that it is not necessary for the plaintiff to attempt the collection of such judgment before commencing an action against the sureties on the sheriff's official bond, or to make the sureties parties to the judgment of amercement; and § 478 of the civil code at most only means that when a judgment shall be rendered against a sheriff, his sureties may be made parties thereto, but that no property of the sureties shall be taken on execution until the property of the sheriff himself, subject to execution, shall first be exhausted.

2. SHERIFF'S BOND, Action Upon, When. Where an execution is issued from the district court of one county to the sheriff of another county, and the sheriff fails to perform his official duty with reference to such writ, the sheriff and his sureties may be sued in the county where the sheriff resides and where the failure occurs, and where the breach of his official bond was committed.

3. ———— A claim is made by the plaintiff in error, that the sheriff's bond was not a statutory bond, but no reason is given therefor, and the question is therefore passed without further consideration.

4. INSTRUCTION, Not Materially Erroneous; Amercement. The court gave the jury the following, among other instructions: "2. The defendants in their answer claim that said [amercement] judgments were not based upon the facts as they really existed, and introduced evidence tending

to sustain that issue, and upon that issue the burden of proof is upon the defendants, and unless the defendants have shown by a preponderance of the evidence that said judgments were not based upon the facts as they really existed, the jury will find for the plaintiff." *Held*, That although it may be possible that the language of this instruction is not technically correct, yet that, under the circumstances of this case, the instruction is not materially erroneous; that a judgment of amercement against the sheriff is *prima facie* evidence of the facts involved therein, as against his sureties, and that proof of the existence of such a judgment will make out a *prima facie* case against the sureties; and that it will then devolve upon the sureties, in order to relieve themselves, to show by the introduction of evidence that the real facts of the case did not authorize or warrant the rendering of such a judgment.

5. ———— The case of *Ritchie v. Higginbotham*, 26 Kas. 645, referred to, and followed.

*Error from Jewell District Court.*

AT the September Term, 1881, of the district court, plaintiff *Edmiston* recovered a judgment for $879.31 and costs against defendants *Fay* and two others, who bring the case here. The opinion states the facts.

*C. Angevine*, for plaintiffs in error.

*Everest & Waggener*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: A. B. Smith was the sheriff of Jewell county, Kansas, and Patrick Fay, J. D. Robertson and O. L. McClung were his sureties on his official bond. James Martin was the owner of two judgments rendered by the district court of Atchison county, Kansas, against one M. M. Herrington. Executions were issued on these judgments, directed to the sheriff of Jewell county, and were received by him and levied upon certain property belonging to Herrington, subject to certain attachments. The sheriff did not sell the property, but returned the executions unsatisfied. Afterward, *alias* executions were issued on said judgments to the said sheriff, which executions were also returned unsatisfied. Martin then commenced proceedings in the district court of Atchison county, to amerce Smith, as sheriff of

Jewell county, for his neglect of official duty in reference to the said executions, and at the March term of the court in 1877, obtained judgments of amercement against Smith, which judgments were afterward affirmed by the supreme court. (*Smith v. Martin*, 20 Kas. 572.)

Afterward, these judgments were assigned by Martin to James M. Edmiston, and the judgments not being paid or satisfied, Edmiston commenced this action in Jewell·county on the official bond of Smith and his sureties, Fay, Robertson and McClung. The plaintiff Edmiston set forth the foregoing facts in his petition, and also alleged "that the said A. B. Smith did not honestly and faithfully discharge and perform all and singular his duties as sheriff according to law, and did not well and faithfully execute all papers that came to his hands, as by law in such cases made and provided, and has not paid any part of said judgments, or either of them, of amercement, heretofore rendered against him," etc. Certified copies of the judgments of amercement, and also of the official bond, were attached to the petition and made a part thereof. To this petition the defendants filed an answer, admitting that Edmiston was the owner of the judgments, and that the same had been duly transferred to him, but denying each and every other allegation of the petition. The defendants also set up a certain special defense. The plaintiff then filed a motion for judgment, notwithstanding the answer, which motion was sustained by the court below, and judgment was rendered accordingly. That judgment was afterward reversed by the supreme court, the supreme court holding that the answer set up a sufficient defense to the plaintiff's action. (*Fay v. Edmiston*, 25 Kas. 439.)

The case was then tried in the district court, before the court and a jury. The plaintiff read in evidence the official bond, and also transcripts of the judgments of amercement, and rested his case. To that evidence the defendants filed a demurrer, which was overruled. The defendants then introduced their evidence, and the plaintiff introduced rebutting evidence, and the case was submitted to the jury. The jury

found a verdict in favor of the plaintiff and against the defendants, and judgment was rendered accordingly. This judgment the defendants below, who are now plaintiffs in error, seek to have reversed by this petition in error.

The plaintiffs in error (defendants below) claim that the judgment of the court below is erroneous for several reasons, which we shall consider in their order.

I. The plaintiffs in error claim that the judgment of the court below is erroneous because it was not shown that any attempt had been made to collect the judgments of amercement from Smith; and they cite § 478 of the civil code as their authority therefor. This section does not meet the case. It at most only means that when a judgment shall be rendered against the sheriff, his sureties may be made parties thereto, but that no property of the sureties shall be taken on execution until the property of the sheriff himself subject to execution shall first be exhausted. It does not prevent the rendering of a judgment against the sureties, as well as against the sheriff.

II. The plaintiffs in error also claim that the district court of Jewell county had no jurisdiction of the subject-matter of this action, or of the persons of the defendants for the purposes of the action; and as authority for such claim, cite § 48 of the civil code, and the case of *Clay v. Hoysradt*, 8 Kas. 74, 80. We think that both the section and the decision are against the claim of the plaintiffs in error. The section, so far as it has application to this case, reads as follows:

"SEC. 48. Actions for the following causes must be brought in the county where the cause, or some part thereof, arose:

.   .   .   .   .   .   .   .   .   .   .   .

"*Second.* An action against a public officer for an act done by him in virtue or under color of his office, or for a neglect of his official duties.

"*Third.* An action on the official bond or undertaking of a public officer."

And the decision was, that "suits against public officers for official acts must be brought in the county where those acts are performed."

It is probably true, that where a writ is issued from the district court of one county to an officer of another county, that the officer so far becomes the officer of the court from which the writ is issued, that the officer becomes amenable to the orders of that court, and that the court may direct the manner in which the writ shall be served, or may order that it be returned without service, or may amerce the officer for a failure to perform his duties in the service or return of the writ. But where the action is against the officer and his sureties upon his official bond, we should think that the action might properly be commenced in the county where the cause of action arose—that is, in the county where the breach of the bond was committed, and that the court from which the writ was issued would not have the sole and exclusive jurisdiction, even if it had jurisdiction at all.

III. The plaintiffs in error also claim that the sheriff's bond was not a statutory bond, and therefore that the judgment was erroneous; but the reasons for such claim are not given, and therefore we shall pass to the next question.

IV. The court below gave the following, among other instructions to the jury:

"1. That the issues in this case are solely between the plaintiff and the defendants, Robertson, Fay and McClung, who are sued as the sureties of said A. B. Smith, late sheriff, and is to be tried and determined upon such issues without regard to the question of liability of said Smith or any proceedings had against him to which these defendants were not parties; any such proceedings, and also returns of such sheriff, having only the force of evidence upon this trial; and the verdict of the jury must be upon what they determine from all the evidence that the real facts are.

"2. The defendants in their answer claim that said judgments were not based upon the facts as they really existed, and introduced evidence tending to sustain that issue, and upon that issue the burden of proof is upon the defendants; and unless the defendants have shown by a preponderance of the evidence that said judgments were not based upon the facts as they really existed, the jury will find for the plaintiff."

The plaintiffs in error complain of the second instruction

above quoted. Now it is possible that the language of that instruction is not technically correct; but whether it is or not, we do not think it is necessary in this case to decide — for upon the circumstances of this case we do not think that the instruction is materially erroneous. The judgments of amercement were conclusive evidence against Smith himself, and we think they were *prima facie* evidence of all the facts involved therein as against the sureties; and in the absence of other evidence these judgments would authorize a judgment to be rendered against the sureties. (*Fay v. Edmiston,* 25 Kas. 439, 443.) It devolved upon the defendants to show that these judgments of amercement were not based upon sufficient facts. It devolved upon them to show that the facts upon which these judgments were rendered were not true, or that they were not sufficient in law, or that there were other facts which would countervail and destroy their apparent force and effect. In other words, and perhaps more correctly, it devolved upon the defendants to show by the introduction of evidence that the real facts of the case did not authorize the rendering of any such judgments as were rendered in the amercement proceedings; and until they made such a showing, the plaintiff was entitled to rest upon the *prima facie* case made out by his introduction and proof of such judgments.

V. The plaintiffs in error also raise a point with reference to the *alias* executions. These *alias* executions appear to have been issued in the same form as the original executions, without referring to the original executions, and without any special clause of *venditioni exponas.* The point, however, raised, with reference to these executions, has already been decided by this court, and decided against the views entertained by counsel for plaintiffs in error. (*Ritchie v. Higginbotham,* 26 Kas. 645.)

We do not think that the court below committed any material error in this case, and therefore the judgment rendered therein will be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting.