M. A. HACKETT, *et al.*, v. LATHROP & SMITH.

1. SERVICE BY PUBLICATION—*Proof May be Amended.* Where service is made by publication in an action named in § 72, chapter 80, Compiled Laws of 1879, and the notice is regular in form, but it appears from the proof of publication that the notice was first published only twenty-seven days before judgment, such proof may, after judgment, be amended in order to show that the notice was in fact first published thirty-four days before the date of rendition of the judgment.

2. AMENDMENT, *Insufficient Evidence Against.* The evidence offered in this case for the purpose of showing that such amendment ought not to have been allowed because it was not in furtherance of justice, stated in the opinion, and held to be insufficient.

*Error from Woodson District Court.*

ACTION brought in the district court of Coffey county, by *Lathrop & Smith* against *Thomas Hackett* and *Margaret A. Hackett*, upon a note and mortgage executed by the defendants. All the parties to this action were non-residents of this state. Service was made by publication, and was sufficient in form and substance, but the proof of publication showed that the notice was first published on the 14th day of October,

1880. Judgment was rendered on the 10th day of December, 1880, being twenty-seven days from the date of first publication, as appeared from the proof on file. An order of sale was issued, and the property upon which the mortgage was given was sold at sheriff's sale on the 23d day of July, 1881, to the plaintiffs. The first notice of sale was published June 23d, 1881. Afterward the plaintiffs asked leave to amend their proof of service by publication, showing that the first publication of the notice was upon the 7th day of October, instead of the 14th, which amendment was allowed by the court. Afterward the cause was duly transferred from Coffey to Woodson county. At the October Term, 1884, the defendants made a motion to vacate the judgment aforesaid, and to set aside the order allowing the proof of the notice of the service by publication to be amended. They introduced in evidence the affidavit of Geo. H. English, who stated that he was an attorney of Margaret A. Hackett, one of the defendants, and who was also plaintiff in an action between her and one Lewis Hammerslough, and that he had a conversation with Gardner Lathrop, one of the plaintiffs, and requested him not to bring action against Hackett until the action of Hackett against Hammerslough should be decided, and although Lathrop did not at any time refuse to so inform affiant, yet affiant was under the impression that Lathrop would notify him before bringing his action against the defendants. Lathrop stated in his affidavit, introduced in evidence, that he did not remember to have ever given personal notice to defendants or their attorneys of the pendency of the foreclosure suit.

The court overruled the motion aforesaid, and adjudged against defendants the costs of this proceeding. They bring the case here.

John B. Scroggs, for plaintiffs in error.

G. E. Manchester, for defendants in error.

Opinion by HOLT, C.: The plaintiffs in error complain of the confirmation of the sale of the land, stating that the no-

tice of the sale was not published the time required by law before the day the land was sold. The statute provides that the publication shall be for at least thirty days before the day of sale. The first publication being upon the 23d day of June, and the sale not being made until the 23d day of July, shows that it was published the time required by statute, the day of the first publication being included within the required thirty days. (*Northrop v. Cooper,* 23 Kas. 432.)

The court allowed the amendment to be made to the proof of service by publication, and refused to vacate the judgment, and found from the testimony that the first publication was made upon the 7th day of October, 1880. It had abundant evidence to support such finding, and it is conclusive in this court. The plaintiffs in error contend that even if this should be true, the amendment ought not to have been made, because it was not in furtherance of justice. If the first notice was published upon the 7th day of October, sufficient time elapsed before the date of the rendition of the judgment to give the court jurisdiction of the subject-matter. If it was first published upon the 14th day of October, then the notice was insufficient under the law. · Ordinarily all amendments of the proof of publication should be allowed, in order to show the real facts in the case. Plaintiffs in error contend, however, in this case that because the attorney of Margaret A. Hackett, one of the defendants, who was also a party in another action, had a talk with Lathrop with regard to giving her notice, if this action should be brought, and his failure to give such notice on his part, it would not be in the furtherance of justice to allow plaintiffs to make the amendment suggested. The evidence introduced, is that of the attorney of Margaret A. Hackett, and giving it the strongest construction in favor of plaintiffs in error, it appears that by a conversation he had with Lathrop, he was left with the impression that Lathrop would notify him when Lathrop & Smith brought their action against the Hacketts upon the note and mortgage in question. He further states that Lathrop at no time refused to give such notice. In his

affidavit there was no attempt to set forth what Lathrop said, in the conversation between them, and certainly nothing tending to show that Lathrop misled or attempted to mislead him. We do not see that this statement of the facts would take the case out of the ordinary rule prescribed in such cases. It was not the duty of Lathrop to give such notice. It was not in evidence that he promised to, nor did refuse to give it, and we think it would have been as easy for the attorney for Mrs. Hackett to have asked Lathrop in regard to the action, as it would have been for Lathrop to hunt up her attorney to notify him of a matter about which it was his own special business to inquire.

We see no error in this proceeding, and hence we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.