No. 21,089.

MARY E. MCPHERSON, *Appellee*, v. FORD F. HARVEY et al., as Receivers of the METROPOLITAN STREET RAILWAY COMPANY and THE KANSAS CITY ELEVATED RAILWAY COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

ATTORNEY'S LIEN—*Notice—Sheriff's Return—Amendment.* After final judgment has been rendered in an action the sheriff's return on a notice of attorney's lien, given at the commencement of the action, may, on the application of the sheriff, be amended so as to make it speak the truth concerning the service of the notice.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MCCAMISH, judge. Opinion filed October 6, 1917. Affirmed.

*R. J. Higgins, O. L. Miller,* and *C. A. Miller,* all of Kansas City, for the appellants.

*David F. Carson,* and *L. O. Carter,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Robert Dunham and Ford F. Harvey, receivers of the Metropolitan Street Railway Company and the Kansas City Elevated Railway Company, appeal from an order permitting R. L. Hinch, sheriff of Wyandotte county, to amend his return showing the service of a notice of attorney's lien. The facts can best be stated by quoting from the brief of Robert J. Dunham and Ford F. Harvey, receivers, etc., as follows:

"Mary E. McPherson commenced an action for damages on account of personal injuries on July 7, 1914, against appellants as receivers of the Metropolitan Street Railway Company and the Kansas City Elevated Railway Company by filing a petition in the district court of Wyandotte county, Kansas. Summons was issued by the clerk of the district court and by return of sheriff served upon—not the appellants —but the companies of which appellants are receivers. An attorney's lien was left with the sheriff. The lien was addressed to appellants but served upon the corporations of which appellants are receivers. Thereafter, and on January 7, 1915, this cause was by the plaintiff-appellee dismissed. On September 9, 1914, plaintiff-appellee commenced

McPherson v. Street Railway Co.

an action against appellants in the circuit court of Jackson county, Missouri, for the same injuries complained of herein, which case was compromised on April 14, 1915, plaintiff-appellee herein recovering $1,475. Thereupon, said cause in Jackson county, Missouri, was dismissed. On February 15, 1916, all of the property operated by appellants was transferred and sold to The Kansas City Railways Company. L. O. Carter, the possessor of said claimed lien, has an action pending against appellants to recover thereon, on account of the settlement of the action pending in Missouri. On March 30, 1916 (fourteen months after the dismissal of the case and eleven months after the settlement of the controversy and six weeks after appellants had parted with the possession of the street railway property), the sheriff of Wyandotte county, Kansas, filed his motion herein, asking permission of court to correct and amend his return of summons and attorney's lien by showing service upon appellants instead of on the corporations of which appellants are receivers. Appellants objected to the hearing of said motion and showed the facts as above outlined. Notwithstanding such objection and showing, the court permitted the amendment as prayed. From the order of the court permitting such amendment appellants appeal."

It is contended that the court erred in sustaining the motion of the sheriff asking permission to amend his return of service on the notice of attorney's lien. *Smith v. Martin,* 20 Kan. 572, is cited in support of this contention. There this court said:

"When an officer makes a return upon process, it is, to say the least, as against him *prima facie* correct, and he should not be permitted to amend it until he makes it clear that it was erroneous. This, true in all cases, is especially true when the effect of the return as first made is a liability upon him, and the amendment would operate to relieve him from liability. And still more true, when the party in whose favor the return was made, resting upon the faith of the return, would suffer loss by the amendment." (p. 573.)

In the present action it was clear that the return was not correct. It did not fix any liability on the sheriff. The amendment did not relieve him from any liability, and the liability of the receivers was fixed by the service of the notice and not by the return. The notice of attorney's lien was served on the agent of the receivers. The summons in the action was served in the same manner; and, in response to that summons, the receivers appeared and answered. They had notice of the action, and by the same kind of service they had notice of the attorney's lien.

The rule is well established that where a process has been regularly served and there is a defect in the return of the officer, that defect can be cured by amendment so as to make

the return conform to the facts. (*Foreman v. Carter*, 9 Kan. 674; *Kirkwood v. Reedy*, 10 Kan. 453; *Pierce v. Butters*, 21 Kan. 124, 129; *Rapp v. Kyle*, 26 Kan. 89; *Bank v. Sewing Society*, 28 Kan. 423, 424.)

The judgment was specifically limited to permission to the sheriff to correct his return.

The judgment is affirmed.