No. 45,125

TRANSPORT CLEARING HOUSE, INC., *Appellee,* v. G. T. ROSTOCK d/b/a ARTICAIRE MANUFACTURING COMPANY, *Appellant.*

(447 P. 2d 1)

Opinion filed November 9, 1968.

*Margaret W. Jordan,* of Mission, argued the cause and was on the brief for the appellant.

*Edward H. Powers, II,* of Kansas City, argued the cause, and *Edward H. Powers,* also of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the trial court amending the sheriff's return of service on an execution. The basic action out of which it arose was for the collection of money on a series of negotiable freight bills. Judgment was entered after a hearing on the merits for Transport Clearing House, Inc. (plaintiff-appellee) on the 10th day of December, 1964, in the sum of $2,933.98. No appeal was taken.

On the 24th day of February, 1966, the appellee filed the last of a number of executions upon this judgment. The sheriff made two attempts to obtain service upon G. T. Rostock, d/b/a Articaire Manufacturing Company (defendant-appellant). The second attempt was two days after the first. Return of the execution was made on the 6th day of April, 1966, and reads as follows:

"THE STATE OF KANSAS, COUNTY OF WYANDOTTE, ss.

"Received this Execution on the 24th day of February, 1966, at 10:00 o'clock A. M.

"Personally served G. T. Rostock, *Tuesday, March 8, 1966,* at Articaire, Inc., 1900 Olathe Boulevard, for execution upon his shares of stock in Articaire, Inc. Directed him to produce same on *Thursday, March 10, 1966* at 9:00 o'clock A. M. at 1900 Olathe Blvd.

"Returned on *Thursday,* but doors were locked and cardboard was placed over the windows.

"Unable to obtain the stock certificates.

"On the 6th day of April, 1966.

/s/ By V. Sauceda, Deputy"
(Emphasis added.)

The foregoing sheriff's return of service was the record the appellee's motion sought to amend. The trial court after hearing the matter entered an order granting the appellee's motion. The journal entry, in material part, recites:

"And the court upon presentation of evidence and statements of counsel and being fully advised in the premises, FINDS:

"That plaintiff on February 24, 1966, caused to be issued an execution upon defendant at his offices at 1900 Olathe Boulevard. That on Monday the 7th day of March, 1966, Vincent Sauceda then duly appointed, qualified and acting Deputy Sheriff in and for Wyandotte County, Kansas, served upon defendant herein the said execution directing defendant to produce certain shares of stock at 9 a. m. on Wednesday, March 9, 1966 at 1900 Olathe Boulevard.

"That on Wednesday March 9, 1966, at or about 9 a. m. the said Deputy

Sheriff returned to the said premises to obtain delivery of the said shares of stock. That defendant did not produce the said stock nor did he show himself to the said Deputy Sheriff.

"That the Return of Service of the said Execution in its present form indicates that the dates of Service of the said Execution were March 8, 1966 and March 10, 1966 respectively.

"That the dates as they now appear on the said Return of Service are incorrect and should be changed in accordance with the findings of the Court to read Monday, March 7, 1966 and Wednesday, March 9, 1966."

The foregoing amendment to the sheriff's return of service was made pursuant to K. S. A. 60-313. It reads:

"At any time in his discretion and upon such terms as he deems just, the judge may allow any process, return or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

The question presented by this appeal is whether the trial court abused the exercise of its power of discretion in allowing the sheriff's return of service to be amended.

On *Wednesday, the 9th day of March, 1966,* long prior to the amendment of the return in question, the appellee filed an affidavit and citation in contempt against Rostock upon which process was issued. This resulted in Rostock's incarceration on the 17th day of March, 1966, when he was booked and set free on bond. He was subsequently purged of contempt after a hearing on the 29th day of June, 1966, in the district court of Wyandotte County, Kansas.

On the 27th day of January, 1967, more than twenty-four months after the judgment, the appellant paid the appellee a compromise sum in full satisfaction of the judgment and the same was released on the records of the clerk of the district court of Wyandotte County. Thereafter on the 16th day of February, 1967, an action was filed by the appellant against the appellee in the district court of Johnson County, Kansas. The sheriff's return here in question forms a part of the record that is basic to the above action of the appellant in Johnson County for abuse of civil process and malicious prosecution. The appellant in his brief states:

". . . In the instant case, the applicant, although not the sheriff, is seeking to avoid the effect of a return showing that applicant-appellee and its attorney did file an affidavit and citation in contempt against appellant prior to the demand date set forth on the return, such evidence going to show malice of the parties defendant in the connected suit."

The appellee filed its motion to amend the return of service and served a copy on counsel for the appellant on the 11th day of

April, 1967. It was pursuant to the hearing on this motion that the trial court entered its order amending the return of service on the 2nd day of June, 1967.

Appeal has been duly perfected raising the question heretofore indicated.

The appellee contends that on the 27th day of January, 1967, all substantive issues in this case were made moot by the appellant's satisfaction of the judgment. It is argued the appellant has made no showing of liability upon the deputy sheriff, Mr. Sauceda, for none could exist at the time the motion was filed, four months after the judgment was satisfied. (Citing, *Carr v. Diamond,* 192 Kan. 377, 388 P. 2d 591.)

The short answer to the appellee's argument on this point is that if the issues on appeal to this court are moot by reason of the satisfaction of the judgment, they were likewise moot when the appellee filed its motion to amend the return in the district court of Wyandotte County. Viewing the whole case, we cannot say the issue presented here on appeal is moot.

The appellee also contends the appeal has no standing in this court because it does not fall within the scope of K. S. A. 60-2102.

Of the four grounds set forth in this statute for prosecuting an appeal as a matter of right, only K. S. A. 60-2102 (*a*) (4) could have application. The question is whether this is a "final decision" in the action. While it is true the judgment in this action has been satisfied, the order in question was entered after the satisfaction of the judgment, but it would fall within the plain meaning of the term "final decision" in the action insofar as any rights of appeal are concerned. In *Connell v. State Highway Commission,* 192 Kan. 371, 388 P. 2d 637, it was observed that cases defining a "final order" under G. S. 1949, 60-3302 were no longer binding with the advent of the new code. The court there recognized that no attempt was made to define the word "final" and confuse the issue in 60-2102, *supra.* There the court said the word is to be given its ordinary meaning.

Our disposition of the appeal in this case requires an analysis of the matters presented to the trial court at the hearing on the motion to amend the return of service, and the *manner* in which such matters were presented.

The appellee, when the motion was filed with the trial court, filed a supporting affidavit by Vincent Sauceda, the deputy sheriff who

made the return in question. The affidavit stated the dates of the service thereof as they appeared in the return of service were erroneous. Thereafter, and within time before the hearing on the motion, Rostock filed a counter affidavit which in substance contradicted the affidavit of Sauceda, thereby framing the issue to be presented to the trial court at the hearing.

We are informed by the appellant that a complete record of the argument and "evidence" presented by the appellee in support of the motion to amend the return is set forth in the record on appeal, and this is not disputed by counsel for the appellee.

The matter was presented by counsel for the appellee in the form of argument to the trial court. He said:

". . . It appears *in the court file*, there is a sworn affidavit on the part of Mr. Sauceda the Deputy Sheriff, who I wanted to have here present this morning to testify in person, but as the Court knows, Mr. Sauceda broke his leg and is unable to be here, but this is his affidavit here, sworn to by him, setting out the facts, the reasons why we are requesting the change, and that is, that the man here, if Your Honor will recall, we had several hearings on this matter in the nature of a contempt hearing, on the failure of Mr. Rostock to produce certain shares of stock after the execution was filed." (Emphasis added.)

Thereupon counsel for the appellee proceeded to relate testimony given by Mr. Sauceda in the contempt proceeding (to which reference will hereafter be made). Counsel for the appellee proceeded:

". . . Now I have subpoenaed the Sheriff's office to produce for the Court's inspection the Sheriff's return book, which as the Court is aware every process server keeps a record of every process serving he makes. Mr. Kreiger, Deputy Sheriff, has responded to the subpoena *duces tecum* served upon the Sheriff's office. Now, Mr. Kreiger, is that the book you have in your hand the Sheriff's Day Book?"

Mr. Kreiger was never sworn, but responded that it was the day book used by Mr. Sauceda as deputy sheriff that he had in his hand, and that it pertained to the dates in question. Thereupon counsel for the appellee proceeded to point out various entries in the day book to the trial judge. The record then discloses the following:

"MRS. JORDAN: I object, Your Honor; I request permission to examine the exhibit.

"MR. POWERS: *I haven't put it in evidence yet;* I was just explaining it to the Judge. If the Court will examine Mr. Sauceda's evidence, it explains that an erroneous date was put on the service, because Mr. Sauceda, because of inadvertence on his own part, neglected to check back on his day book as to the time he returned the service. He subsequently examined his day book, this book, which is a continuing record, made at the time, and this book indicates,

as the Court can see upon examination, that the particular item was served upon the Sheriff's office on the 24th day of February, 1966, . . ." (Emphasis added.)

Counsel for the appellee then proceeded to point out further entries in the day book to the court.

The substance of the argument made by counsel for the appellee to the court was that the sheriff's return book disclosed the service was made on Monday, March 7, 1966, followed by a second service on Wednesday, March 9, 1966. The concluding statements made by counsel for the appellees were as follows:

"We have filed with the Court also—

"MR. EDWARD H. POWERS, SR.: We didn't file it.

"MR. POWERS: Well, our research has indicated that under the Kansas cases on this subject, *the material that was referred to in this case refers only to and has a bearing upon the case at hand, and not some other lawsuit which may have been previously or subsequently filed.* This matter having been thoroughly settled, and the matter is fully satisfied, in our estimation *there is no prejudice in this case that would result from having the record amended to reflect in fact what are the correct dates in question,* as evidenced by the Sheriff's return book made by Mr. Sauceda, and we therefore request that the process return of service dated March [April] 6, 1966, be amended to reflect that the initial service was made on March 7, 1966, and the second service made at [on] March 9, 1966, both at approximately 9 a. m. *I leave this for the Court's inspection.*" (Emphasis added.)

Viewing the entire record, it is speculative what counsel for the appellee left for the court's inspection. (1) Was it a document which evidenced the filing of the Johnson County action? Counsel did refer to "some other lawsuit" and argued the matter of prejudice. (2) Was it Sauceda's affidavit? (3) Or was it the deputy sheriff's day book? Whatever it was the matter was never formally offered or received in evidence.

The record then discloses the trial court addressed counsel for the appellant: "Mrs. Jordan?" Was counsel for the appellant at this time expected to make objections for the record as to the manner in which counsel for the appellee presented his motion, or was she to proceed with her presentation?

Counsel for the appellant proceeded forthwith to present her evidence in support of the return filed by the deputy sheriff. The return itself as executed was placed in evidence.

Sworn testimony was presented by G. T. Rostock to the effect that he was present in his office on Wednesday morning, March 9, 1966, at 9:00 a m. and no attempted service was made by the deputy

sheriff, Mr. Sauceda, on that date; and that he was absent Thursday morning from the office which would correspond with the original return filed by the deputy sheriff disclosing that no one was found on Thursday, March 10, 1966. His testimony was corroborated by exhibits of payroll records properly offered and received in evidence. These records were kept as required by government contractors to disclose time spent on performance contracts.

Sworn testimony of Dale E. Richmond was presented to the effect that he was employed by Articaire Manufacturing Company, and was called from the shop to the office on March 8, 1966, to witness the signature of Rostock, and his acceptance of service. He saw the deputy sheriff actually put the date and time on top of the execution ("3-8-66, 9:20 a. m.").

The parties all concede the second attempt at service was made two days after the first attempt.

The transcript of the contempt proceeding was introduced into evidence without objection, wherein detailed examination was made of the deputy sheriff, Mr. Sauceda, concerning the return date of the service. At the contempt hearing Mr. Sauceda testified:

"Q. And isn't it true from your Sheriff's writ, that your exact directions to Mr. Rostock was to have the stock available Thursday the 10th day of March?

"A. I don't recall what the date was, but it was on a Thursday when we went back.

"Q. I believe the photostatic copy of your return—(hands witness a file, open.)

"A. The 6th day of April.

"Q. No, up here, saying when you will have it back.

"A. Yes, that's right.

"Q. In other words, he was ordered to deliver up the stock, on plaintiff's attorney's direction to you—

"A. That's right.

"Q. —Thursday the 10th day of March?

"A. Yes."

At no time did counsel for the appellee, who was present at the contempt hearing, challenge these dates in cross-examination or contend they were erroneous.

K. S. A. 60-313 permitting the amendment of process, return or proof of service closely approximates Federal Rule No. 4 (*h*) (Fed. Rules Civ. Proc. rule 4 [*h*], 28 U. S. C. A.) and confers upon the judge the same general powers as does Federal Rule No. 4 (*h*). (4 Vernon's Kansas Statutes Annotated, Code of Civil Procedure, § 60-313, ¶ 313.1, p. 170.) For a general discussion of the powers

conferred upon a trial judge to permit amendment under this section, see 1 Barron and Holtzoff, Federal Practice and Procedure, § 186, p. 748.

Under the old code provision was made for the amendment of pleading and process in G. S. 1949, 60-759. The new rule (60-313, *supra*) does not vary materially from the old rule, and decisions pertaining to the former practice will continue to have authoritative impact upon the construction of the new rule. (Gard, Kansas Code of Civil Procedure Annotated, § 60-313, p. 354.) The prior law allowed amendment of process "in furtherance of justice and on such terms as may be proper" when "such amendment does not change substantially the claim or defense." The new section, 60-313, *supra*, allows amendment of the process, return or proof of service "At any time in his discretion and upon such terms as he deems just," unless "it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." The new section predicates the power more upon the "discretion" of the judge than upon "furtherance of justice" which indicates an increase in the power of the judge.

The time at which such amendment can be made under 60-313, *supra*, "At any time," suggests the motion in the instant case, even though filed after judgment, is timely. In *McPherson v. Street Railway Co.*, 101 Kan. 550, 167 Pac. 1070, after final judgment amendment was permitted on a sheriff's return so as to make it speak the truth concerning the service of the notice of attorney's lien, given at the commencement of the action. Similarly, in *Hackett v. Lathrop & Smith*, 36 Kan. 661, 14 Pac. 220, amendment was permitted after judgment in the proof of publication notice to correctly show the first publication date.

Certainly the trial judge under 60-313, *supra*, in his discretion is authorized to amend the sheriff's return of service after judgment to show the actual facts concerning the date of service, provided it clearly appears from the matter presented that material prejudice would not result to the substantial rights of the party against whom the process issued. Here the amendment sought pertains to one of form and not substance.

As to the amendment of a sheriff's return Justice Brewer, speaking for the court in *Smith v. Martin*, 20 Kan. 572 (1878), said:

". . . When an officer makes a return upon process, it is, to say the least, as against him *prima facie* correct, and he should not be permitted to

amend it until he makes it clear that it was erroneous. This, true, in all cases, is especially true when the effect of the return as first made is a liability upon him, and the amendment would operate to relieve him from liability. And still more true, when the party in whose favor the return was made, resting upon the faith of the return, would suffer loss by the amendment. . . ." (p. 573.)

The question immediately suggested is how must these facts be established at a hearing on a motion to amend the return of service.

The appellant seeks to raise this question as his first point. He contends the judgment of the trial court, amending the return of service, constituted an abuse of the discretionary power of the court in that no substantial evidence was introduced before the court in support thereof, and said judgment was entered wholly without foundation.

The appellant argues the only "evidence" offered by the appellee in support of its motion was an affidavit made by Deputy Sheriff Sauceda. (Actually, the only indication the affidavit was before the trial court was that it had been filed in support of the motion.) The appellant argues the deputy sheriff's day book was never in fact put in evidence. This is disclosed by the response given to appellant's counsel when objection was made to its introduction without proper foundation. At no time was the appellant's attorney ever permitted to examine the day book or cross-examine any witness concerning its authenticity.

It may be conceded, if the deputy sheriff's day book was properly in evidence before the trial court, there was evidence to support its findings.

For reasons hereafter assigned we think it unnecessary to pursue this point further, or to undertake an academic discussion on the use of affidavits in presenting a motion of this character. (See, K. S. A. 60-460 [b]; K. S. A. 60-206 [d]; K. S. A. 60-256; and Brick v. City of Wichita, 195 Kan. 206, 403 P. 2d 964.)

Other points upon which the appellant relies are:

"2. Said judgment was an abuse of discretion in that it is clearly contrary to defendant's evidence in opposition thereto.

"3. The judgment to amend was granted in response to a motion not timely made.

"4. The judgment to amend was clearly prejudicial to the substantial rights of defendant."

Point three has heretofore been answered, and it may be said, if the appellant in point two is relying upon the greater weight of his

evidence, assuming the matters presented by the movant were evidence before the court, it is without merit.

The fourth point, however, poses a more serious question.

Throughout the presentation of argument in open court and in their briefs, counsel for the respective parties challenged the record to disclose sufficient facts to support their opponent's propositions.

Counsel for the appellee in his brief recites numerous facts which do not appear in the record, the most important one upon which he relies is the recital in his brief that the appellant paid the appellee a compromise sum in full satisfaction of the judgment on th 27th day of January, 1967.

The appellant relies upon the action filed in Johnson County (*G. T. Rostock d/b/a Articaire Manufacturing Company v. Transport Clearing House, Inc.*) for the proposition that the order of the trial court, permitting amendment of the sheriff's return, was clearly prejudicial to his substantial rights. On this point appellee's counsel challenges the record to show that the Johnson County action was in any way before the trial court when this motion was heard, in spite of the fact that appellee's counsel argued the matter of prejudice to the trial court, and made reference to some other lawsuit which may have been previously or subsequently filed, thus inferentially indicating the trial court was aware of the existence of the Johnson County action.

The shoddy practice by counsel for the parties on both sides in presenting this matter to the district court leaves much to be desired. Technically, on the one hand, it could be argued the affidavit of the deputy sheriff and his day book were not in evidence before the trial court, and the decision of the trial court was, therefore, not based upon substantial competent evidence, unless it could be said counsel for the appellant waived any objection to such procedure at the hearing on the motion. On appeal counsel for the appellee argued in open court the trial court took judicial notice of the day book, and he asserted the affidavit was in evidence. On the other hand, it may be argued the record does not disclose that the trial court had before it evidence of the action filed in Johnson County, wherein the appellant sued the appellee for abuse of civil process and malicious prosecution.

It is readily apparent, however, the trial court was well aware of the entire situation, the Honorable William J. Burns of division No. 2 in the Wyandotte County district court having heard all matters

pertaining to this case—the merits of this action resulting in the judgment against the appellant, the hearing on the contempt citation, and the motion to amend the sheriff's return of process.

Viewing the matter presently before the court on appeal as a whole, it may be said there are numerous errors, all of which fall in the category of technical errors. Under these circumstances, we think the disposition of this case requires the court to invoke K. S. A. 60-2105. It provides in part:

". . . in any case pending before it, the court [appellate court] shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

To permit amendment of the sheriff's return in the instant case as the trial court did, with the action between the appellant and the appellee pending in Johnson County based upon the sheriff's return of service on the execution, would materially prejudice the substantial rights of the appellant against whom the process issued in this case. Under these circumstances, we hold it was an abuse of the exercise of the court's power of judicial discretion to permit amendment of the return under K. S. A. 60-313.

The admonition in 60-313, *supra,* that amendment of any process, return or proof of service thereof should not be granted when it clearly appears that prejudice would result to the substantial rights of the party against whom the process issued, is not limited to prejudice in the action wherein process issued. The broad language employed is designed to protect *the substantial rights* of the one against whom the process issued, whether the amendment sought would affect such rights in the action wherein process issued or in another action. To resolve the controversy between the parties in the Johnson County action by the procedural tactics here employed by counsel for the appellee would materially prejudice the plaintiff (appellant here) in that action. This appears to be one of the precise situations 60-313, *supra,* was designed to prevent.

The judgment of the lower court is reversed with directions to set aside its judgment amending the sheriff's return of service on the execution.