## ANDREWS *vs.* KEEP.

[MOTION AGAINST SHERIFF FOR FAILURE TO MAKE MONEY ON FI. FA.]

1. *Where motion may be made.*—A failure to make the money on a *fi. fa.*, when by due diligence it might be made, is a "failure to execute process," (Code, § 2600,) for which the sheriff may be ruled, either in the circuit court of his county, or in the court to which the process was returnable.

2. *Waiver of jury trial.*—If the defendant makes default, it is the duty of the court to render judgment on the evidence, (Code, § 2599,) without the intervention of a jury.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. ROBERT DOUGHERTY.

THIS was a motion against a sheriff, for failing to make the money on an execution. The notice was issued and executed on the 12th April, 1858, and was as follows: "To Warren B. Andrews, sheriff of the county of Dallas—You will take notice, that whereas, on the 22d November, 1856, James M. Keep obtained a judgment in the circuit court of Talladega county, against one Joseph M. N. B. Nix, for the sum of $437 damages, besides $12 80 costs ; and whereas, also, an execution issued upon the same, on the 5th day of January, 1857, and soon afterwards, to-wit, before the 28th January, 1857, came into your hands as sheriff of the county of Dallas, (you being at that time the regularly qualified and acting sheriff of said county of Dallas,)

whereby you were commanded, of the goods and chattels, lands and tenements of the said Nix, to make the said damages and costs, and also to make due return thereof to the next term of said circuit court, to be by you as such sheriff duly executed; and whereas, also, you failed to make the money on said execution, or any part thereof, when by the use of due diligence, you might have made the same: You are therefore hereby notified, that on Saturday, the sixth day of the term of the circuit court of Talladega county, to be held on the first Monday in May next, or so soon thereafter as the court will entertain the same, the said James M. Keep will move said court for a judgment against you, for the amount of said execution, interest, and ten per cent. damages thereon."

On the 22d May, 1860, the following judgment was rendered in the cause: "Came the plaintiff, by his attorney; and the defendant, Warren B. Andrews, being called, came not, but wholly made default. Thereupon, the plaintiff produced and read to the court the following *notice*, made on the motion docket of this court at the May term, 1858; against the said Andrews, sheriff of Dallas county aforesaid; and showed that the same was made in open court, and had been regularly continued to the present term, and that notice had been served on said Andrews personally, by the coroner of Dallas county, on the 12th day of April, 1858; which said notice, and the return thereof, are as follows," &c. "Thereupon, on motion of the plaintiff's attorney, the court proceeded to hear and determine the motion, and render judgment upon the evidence; and the plaintiff offered evidence, to the satisfaction of the court, showing the truth of the facts in the notice above set forth. It is therefore considered by the court, that the plaintiff, James M. Keep, recover of Warren B. Andrews the sum of $616 66, the same being the amount of said execution, and interest, and ten per cent. damages, together with the cost of this motion, to be taxed by the clerk of this court; for which let execution issue."

The assignments of error are: 1st, that the court had no

jurisdiction of the motion; 2d, that the court had no power to render judgment without the intervention of a jury; and, 3d, that the court erred in rendering judgment on the notice and evidence, as shown in the record.

BYRD & MORGAN, and GEO. W. GAYLE, for appellant. L. E. PARSONS, *contra*.

R. W. WALKER, J.—[1.] To "execute process" is to perform its mandate. The mandate of a *fieri facias* is, that of the property of the defendant the sheriff cause to be made a specified sum of money; and if the sheriff has failed to do this, he has failed to execute the *fi. fa.* Hence, we conclude, that a failure to make the money on an execution, is a failure to execute process," within the meaning of section 2600 of the Code; and, consequently, that the motion for this default may be made, either in the circuit court of the county in which the sheriff was acting officially at the time of the default, or in the court to which the process was returnable. We adopt this construction of the statute the more readily, as we are satisfied that the practice of the bar of the State has been in conformity with it.

[2.] The court committed no error in rendering judgment without the intervention of a jury. In reference to this class of motions, the Code provides, that " the court must hear and determine the motion, and render judgment upon the evidence, without a jury, unless an issue is tendered, and a jury trial demanded."—Code, § 2599. Here, the defendant did not tender an issue, and demand a jury trial; and it was the duty of the court, on proof of the requisite facts, to render judgment for the plaintiff.—See *Irwin v. Scruggs*, 32 Ala. 516.

The motion alleges all the facts necessary to render the defendant liable; and the minute-entry, after setting out the notice, recites that the plaintiff offered evidence to the satisfaction of the court showing the truth of the facts therein set forth. This sufficiently shows that the evidence authorized the judgment.

Judgment affirmed.