FRANK BREUER and another *vs.* S. B. ELDER and others.

February 2, 1885.

**Misconduct of Sheriff—Refusal to Execute Writ—Remedy.**—Under Gen. St. 1878, *c.* 8, §§ 198, 199, a sheriff guilty of misconduct, and improperly neglecting and refusing to execute a writ of execution, may properly be ordered to show cause before the district court from which the execution issued, and upon an order issued by a judge of that court.

**Same—Powers of District Court.**—In case of such misconduct on the part of a sheriff, the district court, under sections 198 and 199, *supra,* is authorized to require the correction of the injury done; that is to say, to require the sheriff to make good the loss which his misconduct has occasioned, and, "in addition," to impose a fine not exceeding $200, for the use of the county from which the execution issued, and to enforce the "correction" required, and payment of the fine imposed. The district court is further authorized to commit the sheriff to the common jail until its orders are complied with; or, at least, as in this case, unless such orders are complied with within a reasonable time fixed by the court.

The plaintiffs duly recovered and docketed in Chisago county a judgment in this action for the sum of $485.61. Afterwards the judgment was docketed in Clay county, and on December 4, 1883, an execution issued thereon was delivered by plaintiffs' attorneys to C. P. Sloggy, the sheriff of Clay county, who was directed to levy forthwith upon property of the defendants. On February 4, 1884, Sloggy returned the execution wholly unsatisfied.

Upon the affidavit of one of the attorneys of the plaintiffs, setting out these facts, and also stating that at the time the execution was delivered to Sloggy, and for more than thirty days thereafter, the defendants were carrying on a hardware business in Moorhead, in Clay county, and had a large stock of goods worth more than $5,000, unincumbered and not exempt; that on December 10, 1883, while the stock of hardware was openly and notoriously held and owned by the defendants, affiant served a written demand upon Sloggy requiring him to levy upon the same; that Sloggy wrongfully and unlawfully refused to make the levy, and on January 13, 1884, the defendants mortgaged and assigned all their property; and that by the misconduct of the said Sloggy the plaintiffs have lost the full amount of the judgment and costs,—the district court of Chisago county made an order to show cause why the sheriff should not pay to plaintiffs the judgment, and be fined by the court. Upon the return of this order, the sheriff filed affidavits in reply to plaintiffs, and, after a hearing, an order was made by the court, *Crosby*, J., presiding, finding facts as stated by plaintiffs' attorney, and ordering the sheriff to pay the amount of the judgment to plaintiffs, with interest and costs, within ten days, imposing a fine of ten dollars, and directing "that upon the default or failure of the said C. P. Sloggy to make said payments or any part thereof as above directed, within the time above specified, he be committed to and imprisoned in the common jail of the county of Chisago, in the state of Minnesota, until he pay said sum and all thereof as above directed." From this order Sloggy appeals.

*Briggs & Elder* and *A. B. Jackson*, for appellant.

*John B. & W. H. Sanborn*, for respondents.

BERRY, J.  "If any sheriff fails to settle with and pay over to the person entitled thereto any money he may have collected or received

by virtue of any execution, * * * such person may proceed against the sheriff in a summary manner before the district court, by an order upon the sheriff to show cause why he should not pay over such money, and upon the hearing thereof the court shall order such sheriff to pay to the person entitled thereto the amount found due, with twenty per centum thereon as damages for such failure, and may commit such sheriff to the common jail until the order is complied with. * * *" Gen. St. 1878, *c.* 8, § 198. "If any sheriff neglects to make due return of any writ or other process delivered to him to be executed, or is guilty of any misconduct in relation to the execution thereof, he may be proceeded against by the party interested, in the manner provided in the preceding section, and in addition to requiring the performance of the duty neglected, or the correction of the injury done, the court may impose upon such sheriff a fine, for the use of the county, not exceeding two hundred dollars. * * *" Id. § 199.

The proceedings brought before us by the present appeal were instituted under section 199, *supra*, for "misconduct in relation to the execution" of a writ of execution issued out of the district court of the county of Chisago, and delivered to the appellant, Sloggy, as sheriff of Clay county, for execution.

1. The order to show cause, provided for in section 199, (by reference to section 198,) was properly granted by the judge of the district court from which the execution issued. It was the process of that court, and there was, therefore, a natural and intrinsic propriety in requiring the sheriff to show cause before that court, and in the district where that court sat; and this would appear to be the plain meaning of the statute and the proper mode of procedure, notwithstanding the inconvenience and 'hardship to which it may sometimes subject a sheriff by compelling him to appear at a distance from his bailiwick. See *Griswold* v. *Chandler*, 22 Tex. 637; *Smith* v. *Martin*, 20 Kan. 572.

2. As respects the pecuniary amount of the injury suffered by plaintiff, it appears to be undisputed that the appellant sheriff failed to collect any part of the amount of the execution during its life, though there was sufficient property of defendants pointed out to him, out

of which he could have made the execution had he been so disposed. It also appears that he made return that after diligent search and inquiry he was unable to find property of defendants on which to levy, and thereupon returned the execution wholly unsatisfied. This return was false, and in an action for it the damages recoverable would, *prima facie* at least, be the amount of the execution. *Bacon* v. *Cropsey,* 7 N. Y. 195. Though the present proceeding is not an action for a false return, there would seem to be some analogy between the two as respects the measure of damages. But if the analogy be doubtful, the affidavits used on the hearing expressly stated that, in consequence of the appellant sheriff's alleged misconduct, the execution, which he might and should have collected, has become wholly uncollectible, the defendants no longer having any property upon which it could be levied.

3. In view of these considerations, the affidavits used upon the hearing below amply warranted the district court in finding that the appellant sheriff was "guilty of misconduct in relation to the execution of said writ of execution issued to him,   *   *   *   and of wilful neglect and violation of his duty as such sheriff, by his refusal, neglect, and failure to levy said execution upon the property of the defendants above named, as commanded by this court in and by said execution, and demanded and repeatedly directed to do by the plaintiffs' attorneys herein; and that such misconduct, neglect, and violation of duty tended to and did defeat and impair the right and remedies of the plaintiffs herein, and cause an actual loss to them of the full amount of their judgment, interest, and costs herein against the defendants."

4. Upon the state of facts thus found, the district court, under sections 198 and 199, *supra,* was authorized to require the "correction" of the injury done,—that is to say, to require the sheriff to make good the loss which his misconduct had occasioned, and "in addition" to impose a fine not exceeding $200 "for the use of the county;" that is to say, of the county from which the process issued, and where process may in a just sense be said to have been disobeyed. And to enforce the "correction" required, and payment of the fine imposed, the court was further authorized, by section 198, to which section 199 refers for the appropriate procedure, to commit the sheriff to the

common jail, until its orders were complied with; or, at least, as was done in this instance, unless they were complied with within the reasonable time of 10 days fixed by the court. The action of the district court was in accordance with these views, and therefore in accordance with law, and upon the facts appearing we see no occasion to disturb it.

The procedure which the statute authorizes in cases of this kind is necessarily summary and rigorous. The courts must have control of their officers, and power to compel the prompt and faithful execution of their processes. To permit an officer to whom judicial process is issued to set himself up as an independent authority, as such officers are sometimes inclined to do, and execute or not, at his pleasure and leisure or those of the judgment debtor, with impunity, would make the administration of justice a practical mockery; and these and kindred considerations have been acted upon, not only in our legislation, but elsewhere. *Rex* v. *Sheriff of Middlesex*, 1 H. Bl. 543; and see 2 Hawk. P. C. *c.* 22, § 2; Code Ga. 1873, § 3949; *Wakefield* v. *Moore*, 65 Ga. 268; Code Ala. (1876) §§ 3356, 3358; *Andrews* v. *Keep*, 38 Ala. 315; *State* v. *Tipton*, 1 Blackf. 166; Comp. Laws Kan. 1881, § 4003; *Smith* v. *Martin*, 20 Kan. 572; *Bond* v. *Weber*, 17 Kan. 410; Rev. St. Tex. 1879, §§ 2326, 2327; *Griswold* v. *Chandler*, *supra.*

Order affirmed.