### H. H. HAWKINS vs. F. A. WATKINS.

March 1, 1886.

**County Attorney's Salary.**—Under Gen. St. 1878, c, 7, § 3, the salary of a county attorney, as fixed by the county board, is not thereafter subject to revision by such board during his official term.

An alternative writ of mandamus was issued by the district court for Carlton county, directing the defendant, who is county auditor, to issue warrants to the plaintiff for his salary as county attorney, at the rate of $900 per annum.   The defendant answered, alleging that the salary of plaintiff, having been fixed at $900, was afterwards, by resolution of the board of county commissioners, reduced to $300. Defendant appeals from an order by *Stearns*, J., sustaining a demurrer to the answer, and directing a peremptory writ to issue.

*Ensign & Cash*, for appellant.

*White & Reynolds* and *Hawkins & Oldenburg*, for respondent.

VANDERBURGH, J.   Prior to the amendment of 1870, the statute provided that county attorneys should "receive a salary of not exceeding twelve hundred dollars per annum, to be fixed by the board of county commissioners, and paid from the treasury of the county." By Laws 1870, c. 33, this section was amended so as to read as follows:   "The county attorneys shall receive a salary of not exceeding twelve hundred dollars per annum, to be fixed by the board of county commissioners:   *   *   *   *provided*, that any county attorney feeling himself aggrieved by the act of the county commissioners in fixing such salary may appeal to the district court of the proper county; *   *   *   and the judge of said court   *   *   *   shall proceed to de-

termine such appeal in a summary manner, and shall allow such sum for such salary as he shall deem just and reasonable, not exceeding $1,200 per annum, * * * and the amount so determined upon shall be the salary of such county attorney from the time of the fixing of the salary by such county commissioners from which such appeal was taken *to the end of the term for which such salary was so fixed*, and for which such county attorney was elected, unless altered or changed by such court or judge for good cause shown." Gen. St. 1878, *c.* 7, § 3. The amended statute, in which the former provision is thus incorporated, must thus be read as a whole, in determining what the legislature meant by the act in its present form, in respect to the term for which the salary fixed by the commissioners is to continue, and whether, in case no appeal is taken, they may revise their action from time to time.

We may concede that, under the statute as it stood before the amendment, this question was unsettled and involved in doubt. As the statute now stands, we are only concerned with its construction in its present form; and, in placing our interpretation upon it, we are entitled to examine and consider the whole context, though the immediate object of inquiry be the meaning of the first clause.

In amending the statute the legislature evidently proceeded upon the understanding that the salary, once determined and fixed by the board of county commissioners, is not subject to be revised and again fixed during the existing term of the officer. This intention of the legislature is made clear by the subsequent reference to such act of the commissioners in the clause in which it is provided that the salary fixed by the judge, on appeal, shall be the salary of the county attorney "to the end of the term for which the salary was so fixed" by the county commissioners in the particular case, "and for which such county attorney was elected." The clause last cited seems to have been added for greater certainty, and to indicate that the action of the board once had is final for the period designated, and is not sooner subject to revision. This amendment, thus embodying all the provisions on the subject, expresses the construction placed by the legislature thereon in and by the act itself. Upon the election of a county

attorney the board may fix his salary, which, except in case of appeal, will stand as thus fixed for the full term for which he was elected.

Order affirmed.

MITCHELL, J., (*dissenting.*) I dissent. That the fixing of the salary of a public officer does not constitute a contract between him and the public, but that the legislature may modify or reduce the same from time to time, as their ideas of public interests may dictate, is so well settled to be axiomatic. It is equally well settled that this power may be delegated to a city council, county board, or other such body. By Gen. St. *c.* 7, § 3, prior to the amendment of 1870, I think this power in regard to the salary of county attorneys was fully delegated to the boards of county commissioners, so that they could, subject to the limitation as to amount, do whatever the legislature might have done in the premises. This is the view adopted and adhered to by the office of the attorney-general. Opinions Atty. Genl., 60, 100. This construction was also impliedly recognized by the legislature in the act of 1870, (Laws 1870, *c.* 33; Gen. St. 1878, *c.* 7, § 3;) when they deemed it necessary to expressly provide that, in cases where the salary had been fixed on appeal by the district court, it should not afterwards be changed, except by the judge, during the current term of office of the then incumbent.

I find nothing in the amendment of 1870 which, in my judgment, changes, or was intended to change, the law, or abridge the powers of the county board in this regard, except in cases where the salary had been fixed by the court on appeal. The language of the act is rather involved and awkward, and under a narrow microscopic examination some word or phrase may be found which might seem to give color to an opposite view. But a consideration of the language of the entire act, read in the light of its evident object, satisfies me that the sole purpose was to give an incumbent of the office, who was dissatisfied with the amount of salary allowed him by the board, the right to appeal to the court, and have the amount fixed by the judge; and then, in order that the determination of the judge might not be rendered nugatory by any subsequent action of the county board, it was

provided that in such cases the salary should remain, during the current term of the then incumbent, at the amount fixed by the court, unless altered or changed by the judge himself; in short, that the restriction upon the power of the board to alter or change is limited to cases where the court has made the allowance. In such cases the power is vested solely in the judge. In other cases the power remains in the board as before.