GEORGE W. ROCKWELL *vs.* COUNTY OF FILLMORE.

September 15, 1891.

County Attorney—Fixing of Salary by District Court.—A county attorney is a *quasi* officer of the district court, and hence said court is exercising a proper function when it fixes and determines the salary to be paid such officer, upon appeal from the action of the board of county commissioners, as authorized by Gen. St. 1878, c. 7, § 3, as amended by Laws 1885, c. 17, § 1.

Appeal by plaintiff from an order of the district court for Fillmore county, *Farmer,* J., presiding, dismissing his appeal from the determination of the board of county commissioners of that county, fixing his salary as county attorney.

*G. W. Rockwell,* appellant, *pro se.*

*H. S. Bassett* and *W. R. Duxbury,* for respondent.

COLLINS, J.    From the action of the board of county commissioners fixing his salary under the authority found in Gen. St. 1878, c. 7, § 3, as amended by Laws 1885, c. 17, § 1, the appellant here, county attorney of Fillmore county, appealed to the district court, as authorized by the proviso found in said section 3.    His appeal was dismissed by the court, on motion of the county board, upon the ground that when the legislators undertook to provide a county attorney, who felt himself aggrieved by the act of the board of county commissioners in fixing his salary, with a judicial remedy, they transcended their constitutional limits by imposing legislative functions and duties upon the judiciary.    As will be noticed on examination, the statute involved—which has been in force for more than 20 years, has frequently been acted upon by the district court, and once considered by this court in the determination of a case, (*Hawkins* v. *Watkins,* 34 Minn. 554; 27 N. W. Rep. 65,) always without controversy over its validity, so far as we know—authorizes the transfer of the question of the amount of salary to be paid a public officer from the board of county commissioners, and by appeal, to a judicial tribunal.

It is contended by the respondent board that the determination of this question is solely for the legislative department,—a legislative act, which may be, as it has been, conferred by legislative power upon the board of commissioners; but that in no manner can the power to determine it be legally delegated to any of the judicial tribunals created by the fundamental law of the state. It must be conceded that the determination of the amount of compensation to be paid public officers, generally, whether as fees or as salaries, is a matter for the legislative branch of the state government, and that, as a rule, no authority could be devolved upon the district courts to act, either primarily or on appeal, on the subject. If these tribunals should pass upon the question, they would not be determining a right or obligation pertaining to person or property on facts already existing, but would be promulgating a rule to be applied to a case the facts of which must afterwards transpire. The proper amount of compensation for the officer's services would be ascertained and fixed before the services were rendered, and by a tribunal constituted solely to determine and declare the existing law in relation to some particular thing already done or happened. This would be an exercise of legislative power expressly inhibited by the state constitution. It follows that, if the office of county attorney stands on the same footing as that of other county or public officers, the statutory enactment which permits the salary attached thereto to be determined by the district court must be declared unconstitutional.

But we are of the opinion that a clear distinction exists between the office of county attorney and that of other county or public officers, in that the county attorney is a *quasi* officer of the court. And it was this distinction, undoubtedly, which the legislature had in mind when it conferred upon the court the power to finally determine the salary of this single officer, refraining from like action in respect to other officers, whose compensation was to be determined by the same ministerial body. The county attorney's duties, as actually performed, are mostly under the direction and supervision of the district court; and under some circumstances (Gen. St. 1878, c. 8, §§ 213a, 214) the court designates or appoints him or his assistant. From the character of the services rendered, and the place

where rendered, it is apparent that the judges of the district court are peculiarly well qualified to determine the amount of salary which should be paid a county attorney; and for several reasons such official may well be regarded as an officer of the court, whose compensation it may fix and determine, on appeal or otherwise, in the proper exercise of its functions. The district court erred when dismissing the appeal.

Order reversed, and case remanded for further proceedings.