WILCOX LUMBER COMPANY v. SCHOOL DISTRICT NO. 268 OF OT-
TER TAIL COUNTY.[1]

December 11, 1908.

Nos. 15,843—(175).

**Failure to Take Bond of Contractor.**

> In an action to recover from a school district a loss alleged to have
> been suffered by reason of the failure of the district officers to require of
> a contractor the bond provided for by chapter 321, Laws 1901, the evi-
> dence is *held* sufficient to support the verdict for defendant.

Action in the district court for Becker county to recover $312.19,
balance alleged to be due for material furnished to the contractor
of defendant's school building. The case was tried before Taylor,
J., and a jury which rendered a verdict in favor of defendant. From
an order denying its motion for a new trial, plaintiff appealed. Af-
firmed.

*Nye & Dosland* and *J. H. Baldwin,* for appellant.
*C. M. Johnston* and *M. J. Daly,* for respondent.

BROWN, J.

This cause was here on a former appeal (103 Minn. 43, 114 N. W.
262), where the facts are fully stated. Defendant school district en-
tered into a contract with one Phelps for the construction of a school-
house, but failed to take from him the bond required by the provi-
sions of chapter 321, p. 535, Laws 1901, for the protection of laborers
and materialmen.

We held on the former appeal that under the language of the stat-
ute the liability of the district was not absolute, but only to the ex-
tent of such loss as those entitled to rely upon the bond had suffered in
consequence of the inability of the contractor to pay the obligations
incurred by him in the prosecution of the work. The statutes pro-
vide that in case of a failure to require a bond the corporation shall
be liable to those furnishing labor or material "to the extent of any
loss they may incur by reason of said neglect." In construing the

1 Reported in 118 N. W. 794.

statute we further held that if the contractor was solvent no loss could result and the corporation was not liable, but if he was insolvent and could not be compelled to pay by resort to legal proceedings then a loss followed within the statute, and the corporation was liable therefor. In reaching that conclusion we adopted the rule applicable to contracts of guaranty of collection of commercial paper, for no other rule seemed aptly to fit the situation. Plaintiff was required to show a "loss," and this could only be done by evidence of its inability to collect from the contractor.

The cause was remanded for a second trial, on which the sole issue presented was the solvency or insolvency of the contractor. The court instructed the jury that if he was solvent at the time of or after the maturity of plaintiff's claim, or then had money or property not exempt from execution which could have been reached by appropriate legal proceedings, plaintiff could not recover.

The assignments of error on this appeal present the single question whether the evidence sustains the verdict for the defendant. The jury must have found, within the instructions of the court, that the contractor was either solvent or at least that he had money or property after the maturity of plaintiff's claim out of which collection thereof could have been made. Our examination of the evidence, though it is not entirely satisfactory, leads to an affirmance. There is evidence in the record reasonably tending to show that soon after plaintiff's claim became due the contractor had, to the knowledge of plaintiff, money on deposit in a bank, which he received from the defendant for the construction of the building, and which could have been reached had proceedings been commenced for that purpose. But none were commenced, and the contractor thereafter withdrew the money, and then became wholly insolvent. He may have been insolvent all along, as insolvency is generally understood; but if plaintiff, as the evidence tends to show, permitted him to make away with the money received under the contract for the construction of the building, without an effort to intercept it, it is in no position to insist that defendant pay the amount a second time.

Order affirmed.