MARY MANSON v. VILLAGE OF CHISHOLM.[1]

February 28, 1919.

No. 21,076.

**Village — construction of statute — claim for change of grade.**
1. Section 1300, G. S. 1913, which provides for audit of money demands against villages, does not apply to a claim for damages to land on account of change of grade of a street. It applies only to claims susceptible of audit according to ordinary business usage.

**Revision of statutes — how changes are construed.**
2. When the meaning of a statute is in doubt, resort may be had to its history in aid of its construction. Changes made by a revision of statutes will not be regarded as altering the law, unless it is clear that such was the intention.

Action in the district court for St. Louis county to recover $1,000 for change of grade of a street. Defendant demurred to the complaint on the ground that it did not set forth facts sufficient to constitute a cause of action. The demurrer was overruled and the case certified to the supreme court, Hughes, J. Affirmed.

*George K. Trask, Warner E. Whipple* and *Frank E. Randall,* for appellant.

*Austin & Austin,* for respondent.

HALLAM, J.

Plaintiff commenced this action to recover damages for the change of grade of a street. Defendant demurred, alleging as a ground that the complaint does not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer and certified the case to this court. The sole ground relied on by defendant in support of its demurrer is that the complaint fails to allege that the claim was submitted to the village council for audit and allowance before suit, and that this was required by G. S. 1913, § 1300. This section reads as

[1]Reported in 170 N. W. 924.

follows: "No money demand against such village shall be paid until audited and allowed by the council * * * Such demand shall be made out in items, and verified by an attached affidavit that the claim is just and correct, and that no part of it has been paid * * * Such accounts and affidavits shall be filed by the clerk. * * * Orders presented to the treasurer and not paid for want of funds, shall be so marked, and paid in the order of their presentation, and shall bear interest at the rate of six per cent from the date of such presentation."

Section 1300 does not expressly provide that presentation of the claim to the village council shall be a condition precedent to the commencement of an action upon it, but it is conceded that such condition is implied, Old Second Nat. Bank of Aurora v. Town of Middletown, 67 Minn. 1, 69 N. W. 471, and if this claim is of the class covered by section 1300 the action was prematurely brought.

1. We are of the opinion that section 1300 has no application to such a claim as this. The term "money demand" is a broad one, and, standing alone, would be broad enough to cover this sort of a claim, but the context shows a more restricted use. The "demand" is to be "made out in items." It is to be verified by affidavits, and "such accounts and affidavits" are to be filed with the village clerk and the "demand" is then to be "audited," and then if funds are not on hand for its payment it bears interest from the date of presentation. Taking the language of the whole section together, we think it constitutes the village council a board of audit and not a tribunal to assess damages, that the section was intended to apply only to claims of a character usually susceptible of being itemized, and of being audited according to ordinary business usage, and that "such accounts" as are there mentioned were never intended to embrace damage suits upon unliquidated tort demands.

2. If it can be said that there is any doubt that this is the meaning of the statute, then resort may be had to the history of the statute in aid of its construction. State v. Stroschein, 99 Minn. 248, 109 N. W. 235. The history of this statute confirms our opinion that the construction above indicated is the proper one. This section is identical with section 738, R. L. 1905, and is a consolidation of sections 1231 and 1262, G. S. 1894. The language of section 1231 was: "No

account or demand against such village shall be paid until it has been audited and allowed," and "every such account shall be made out in items and verified by affidavits." Section 1262 constitutes the village council a "board of auditors" for the purpose of "auditing all accounts payable by said village." The language of these sections was not in doubt. Clearly they did not cover unliquidated damage claims. In our opinion the revision did not change the law.. The well settled rule is that changes made by a revision of statutes will not be regarded as altering the law, unless it is clear that such was the intention. Becklin v. Becklin, 99 Minn. 307, 312, 109 N. W. 243. No such intention is manifested here.

We are further confirmed in our opinion of the construction of section 1300 by the fact that courts of other states have quite generally construed statutes bearing similar language as not applicable to claims or demands of this character. McQuillin, Mun. Corp. § 2465; Dillon, Mun. Corp. § 1612; Mackie v. City of West Bay City, 106 Mich. 242, 64 N. W. 25; Harrigan v. City of Brooklyn, 119 N. Y. 156, 23 N. E. 741; Barrett v. Village of Hammond, 87 Wis. 654, 58 N. W. 1053; see also City of Mankato v. Barber Asphalt Paving Co. 142 Fed. 329, 73 C. C. A. 439.

Order affirmed.