## FARGO CORNICE & ORNAMENT COMPANY v. SCHOOL DISTRICT NO. 88, CLAY COUNTY.[1]

June 9, 1922.

No. 22,845.

**Proof of contractor's insolvency necessary for enforcement of statutory penalty for letting municipal contract without bond to secure materialmen and laborers.**

1. The liability imposed by section 8246, G. S. 1913, on a municipality which lets a contract for doing public work without taking a bond to secure the payment of claims for material and labor furnished the contractor, does not attach unless the contractor be insolvent, and cannot be enforced without proving such insolvency.

**Verified statement of claim unnecessary for enforcement of statute.**

2. An action to enforce such statutory liability may be maintained without first presenting a verified statement of the claim on which it is based.

Action in the district court for Clay county to recover $312.42 for work and material used in the construction of a certain school building. The case was tried before Nye, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Reversed.

*C. G. Dosland,* for appellant.

*J. M. Witherow,* for respondent.

[1]Reported in 188 N. W. 733.

TAYLOR, C.

Defendant school district let to McDermott & Greenshields the contract to furnish and install the heating plant and ventilating system in a school-house which the district was erecting. The contractors, McDermott & Greenshields, sublet to plaintiff the contract to construct and install the ventilating system. Plaintiff performed its contract and thereafter demanded payment of the contract price from the contractors who failed to pay any part thereof. Defendant had taken a bond from the contractors securing the faithful performance of the contract, but this bond failed to comply with the requirements of section 8245 of the General Statutes of 1913, in that it contained no provision securing the payment of claims for labor and material furnished the contractors for the work. Section 8246, G. S. 1913, provides:

"If such bond be not taken, the corporation or body for which work is done under the contract shall be liable to all persons furnishing labor, skill or material to the contractor thereunder for any loss resulting to them from such failure."

Predicating its right of action on this statute plaintiff brought suit against defendant for the amount of its claim. The court made findings of fact and conclusions of law and directed judgment for plaintiff. Defendant appeals from an order denying a new trial.

Defendant contends that plaintiff is not entitled to recover for the reason that it neither alleged nor proved that the contractors were insolvent or had no property out of which its claim could be collected. This statute was considered and its effect determined in Wilcox Lumber Co. v. School District No. 268, 103 Minn. 43, 114 N. W. 262. It was held that, as the statute made the corporation liable only for the loss sustained, it was not liable if the contractor was solvent and able to pay the claim. In considering the proof necessary to establish liability the court said [page 46]:

"The fact that plaintiff presented its bill to the contractor for payment and that he did not pay it is far from conclusive that he could not pay it, or could not have been compelled to do so by appropriate legal proceedings. In actions involving the principle up-

on which plaintiff's action is founded where insolvency is necessary to be shown, the best evidence thereof is a judgment against the principal debtor and an execution returned unsatisfied. 20 Cyc. 1453. But that, of course, is not the only evidence competent to establish the fact. In the absence of the return of an unsatisfied execution, the evidence to show insolvency, and a consequent loss, must establish the fact that the debtor has no property not exempt from execution out of which collection could be made. Or, as otherwise expressed, the principal debtor must be so 'utterly insolvent that an action against him would be fruitless.' Brackett v. Rich, 23 Minn. 485, 23 Am. 703. Insolvency for the purpose of insolvency or bankruptcy proceedings is not the test. Insolvency in fact must be shown."

The rule announced in this case has been followed and applied in subsequent cases. Wilcox Lumber Co. v. School District No. 268, 106 Minn. 208, 118 N. W. 794, a second appeal in the same case; Waterous Engine Works Co. v. Village of Clinton, 110 Minn. 267, 125 N. W. 269; Scott-Graff Lumber Co. v. Independent School District No. 1, 112 Minn. 474, 128 N. W. 672; State v. Clark, 116 Minn. 500, 134 N. W. 129, 39 L. R. A. (N. S.) 43.

The only allegation in plaintiff's complaint bearing on this question is the statement that plaintiff has repeatedly endeavored to collect its claim from the contractors, "and has been unable so to do." The only evidence in the record bearing on it is the testimony of plaintiff's manager that he had demanded payment from the contractors and had not been able to collect from them. There is not a word as to the property or financial condition of the contractors, and no claim that any legal proceedings were ever instituted against them. The record will not sustain a finding that the contractors were insolvent or had no property subject to execution, and plaintiff failed to establish a cause of action.

It is conceded that plaintiff never presented to defendant an itemized or verified statement of its claim, and defendant contends that the present action cannot be maintained for that reason. In view of a new trial it is proper to consider this question. The statute,

G. S. 1913, § 760, which provides that no claim against a municipality for property or services shall be audited or allowed until an itemized and verified statement of the claim has been presented, applies to claims for furnishing property or performing services under an express or implied contract with the municipality. It does not apply to claims for damages sounding in tort. Manson v. Village of Chisholm, 142 Minn. 94, 170 N. W. 924. Nor to claims arising from the failure of the municipality to perform a duty imposed upon it by statute. City of Mankato v. Barber Asphalt Paving Co. 73 C. C. A. 439, 142 Fed. 329. The liability of defendant in the present case, if any, arises from the fact that it failed to take the bond which the statute, G. S. 1913, § 8245, required it to take from the contractors for the protection of materialmen and laborers. It is not founded on a direct contractual obligation assumed by defendant, nor on an indebtedness incurred by defendant "in the usual course of its administrative operations." The liability is imposed by the statute for failure to comply with the requirements of the statute, and we are of opinion that the presentation of a verified statement of the claim is not a condition precedent to the right to enforce such statutory liability.

For the reason previously stated the order appealed from is reversed.