## IN RE PETITION OF PAUL M. ZILLGITT v. GOODHUE COUNTY BOARD OF COMMISSIONERS AND ANOTHER.

202 N. W. 2d 378.

November 17, 1972—Nos. 43328, 43329.

---

10

*Richard W. Johnson,* for appellants.
*Francis H. Watson,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

These are consolidated appeals by the Goodhue County Board of Commissioners from two orders of the district court.

On appeal the county board contends that the district court abused its discretion in determining that the action of the board in setting the salary of the Goodhue County sheriff and his deputies was arbitrary, capricious, unreasonable, and made without adequate consideration of the responsibilities and duties of those respective officers and, further, that the court erred in directing the board to set the salaries in a specific amount rather than remanding the matter to the board for further consideration.

A three-judge panel, the Honorable Arlo E. Haering, the Honorable John B. Friedrich, and the Honorable Robert J. Breunig, of the First Judicial District, heard the appeal of Paul M. Zillgitt, Goodhue County sheriff, from the resolution of the Goodhue

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

County Board of Commissioners setting the salary for the office of sheriff. This appeal was consolidated for hearing with a companion appeal from the same resolution, also filed by Sheriff Zillgitt on behalf of the sheriff's deputies. The county board resolution appealed from provided for a $500 wage increase for the sheriff and each deputy for the year 1971.

The court, after hearing testimony from the sheriff, the chief deputy, and two of the county commissioners, entered an order remanding the matter to the county board for immediate action consistent with the court's findings. The findings indicated that salaries were to be increased as follows:

| | | | |
|---|---|---|---|
| Sheriff Zillgitt | $13,700 | to | $15,300.00 |
| Chief Deputy William Avery | 9,624 | to | 11,496.00 |
| Kenneth Krause | 7,200 | to | 8,172.00 |
| Clifford Witt | 7,500 | to | 9,360.00 |
| Michael O'Gorman | 7,788 | to | 9,360.00 |
| William Kelm | 8,508 | to | 9,500.40 |
| William Golden | 8,508 | to | 9,594.00 |
| William W. Nelson | 8,508 | to | 9,594.00 |
| William Swanson | 8,664 | to | 10,015.20 |
| Dale Grote | 8,664 | to | 10,015.20 |

The record is replete with evidence from which the three-judge panel could find the board's action to be arbitrary, capricious, unreasonable, and made without adequate consideration of the responsibilities and duties of those respective officers. It also contains evidence supporting the court's determination of the salaries the officers were entitled to receive. We, therefore, affirm.

Minn. St. 387.20, subds. 2 and 6, provide for the county board to set the sheriff's and deputies' salaries by resolution. Subd. 7 contains the following provisions for appeal to the district court for review of county board action relating to both the sheriff's and deputies' salaries:

"The sheriff, if dissatisfied with the action of the county board in setting the amount of his salary or the amount of the budget

for the office of sheriff, may appeal to the district court on the grounds that the determination of the county board in setting such salary or budget was arbitrary, capricious, oppressive or without sufficiently taking into account the extent of the responsibilities and duties of said office. * * * On the hearing of the appeal the court shall review the decision or resolution of the board in a hearing de novo and may hear new or additional evidence, or the court may order the officer appealing and the board to submit briefs or other memoranda and may dispose of the appeal on such writings. If the court shall find that the board acted in an arbitrary, capricious, oppressive or unreasonable manner or without sufficiently taking into account the extent of the responsibilities and duties of the office of the sheriff, it shall make such order to take the place of the order appealed from as is justified by the record and shall remand the matter to the county board for further action consistent with the court's findings. After determination of the appeal the county board shall proceed in conformity therewith."

It should be noted that the statute specifically provides that the court "shall make such order to take the place of the order appealed from as is justified by the record."

Appellants cite Minn. Const. art. 3, § 1, relating to the separation of powers, with the implication that the fixing of the salaries is a legislative matter. This question has been settled in Minnesota by Rockwell v. County of Fillmore, 47 Minn. 219, 49 N. W. 690 (1891), where this court held that the district court on appeal from board action had power to fix the salary of the county attorney because the county attorney's duties made him a quasi-judicial officer. The sheriff and his deputies are also officers of the court. The findings of the trial court panel in this respect are sustained by Breuer v. Elder, 33 Minn. 147, 22 N. W. 622 (1885), and Cahill v. Beltrami County, 224 Minn. 564, 29 N. W. 2d 444 (1947), which is also conclusive on the other issues involved herein. In Cahill, this court held that the district court is vested with wide discretion in determining the sheriff's salary

and could in fact even fix the salary in an amount greater than the amount suggested by the sheriff to the county board in his request for salary adjustment. The district court in the instant case granted the stated requests of the sheriff and his deputies but no more, and the evidence establishes the reasonableness of the amounts granted.

A careful examination and review of the record and authorities cited compel the conclusion that the findings of the three-judge panel be affirmed.

Affirmed.