**Ernest VANDERHYDE, Respondent,**

v.

**COUNTY OF DODGE, Appellant.**

**No. 47045.**

Supreme Court of Minnesota.

May 27, 1977.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Barbara Phillips, Special Asst. Atty. Gen., St. Paul, Lawrence E. Agerter, County Atty., and Joseph F. Wieners, Asst. County Atty., Kasson, for appellant.

Zeigler & Ward and Robert T. Ward, Rochester, for respondent.

SCOTT, Justice.

This is an appeal by Dodge County from a judgment of the Dodge County District Court in favor of the sheriff and against the county. The sheriff commenced the action against Dodge County pursuant to Minn.St. 387.20, subd. 7, which gives a county sheriff the right of appeal to the district court if he is dissatisfied with his salary as established by the county board. Minn.St. 387.20, subd. 7, reads:

"The sheriff, if dissatisfied with the action of the county board in setting the amount of his salary or the amount of the budget for the office of sheriff, may appeal to the district court on the grounds that the determination of the county board in setting such salary or budget was arbitrary, capricious, oppressive or without sufficiently taking into account the extent of the responsibilities and duties of said office. The appeal shall be taken within 15 days after the date of the resolution setting such salary or budget by serving a notice of appeal on the county auditor and filing same with the clerk of the district court. The court either in term or vacation and upon 10 days notice to the chairman of the board shall hear such appeal. On the hearing of the appeal the court shall review the decision or resolution of the board in a hearing de novo and may hear new or additional evidence, or the court may order the officer appealing and the board to submit briefs or other memoranda and may dispose of the appeal on such writings. If the court shall find that the board acted in an arbitrary, capricious, oppressive or unreasonable manner or without sufficiently taking into account the extent of the responsibilities and duties of the office of the sheriff, it shall make such order to take the place of the order appealed from as is justified by the record and shall remand the matter to the county board for further action consistent with the court's findings. After determination of the appeal the county board shall proceed in conformity therewith."

The following findings of fact by the district court after extensive evidence was taken summarize the basis for its decision in favor of the sheriff:

"2. On the 27th day of January, 1976, the County Board of Dodge County adopted a resolution setting the salary for the Dodge County Sheriff for the year 1976 in the amount of $14,500.00 per annum.

"3. The Sheriff of Dodge County, Minnesota, has perfected a timely appeal from the resolution of the Dodge County Board setting the salary for the office of Sheriff of Dodge County.

"4. Lowell Trom, Chairman of the Dodge County Board of Commissioners, testified that the principal consideration in setting the 1976 salary for the office of Sheriff of Dodge County was the results of an eighteen county survey conducted on behalf of the County of Dodge.

"5. The following are the percent increases over 1975 salaries granted to various Dodge County officers by resolution of the Board of Commissioners:

| | | | |
|---|---|---|---|
| Sheriff | 5.1% | Treasurer | 11.8% |
| County Nurse | 7.7% | Clerk of Court | 11.8% |
| County Eng. | 7.9% | Reg. of Deeds | 12.1% |
| Auditor | 9.2% | Co. Attorney | 20.0% |
| Weed Insp. | 9.8% | Co. Comms. | 50.0% |
| Assessor | 11.0% | | |

"6. Lowell Trom, Chairman of the Dodge County Board of Commissioners, testified that 'according to book' the Sheriff of Dodge County was overpaid. Mr. Trom testified that the 5.1% raise given to the Sheriff above the survey amount was based upon the philosophy of 'we figure everyone deserves some sort of raise.'

"7. Appellant, with 20 years of law enforcement experience, has been Sheriff of Dodge County since May of 1974.

"8. The staff for the office of Dodge County Sheriff, complaints handled by that office, and arrests made by that office have substantially increased since May of 1974.

"9. The uncontradicted testimony of appellant is that he works an average of 70 to 80 hours per week as Sheriff of Dodge County. Further, the Sheriff receives no allowance for uniform, housing, or overtime pay.

"10. The action of the Dodge County Board in adopting the resolution above referred to with respect to salary of the Sheriff of Dodge County for the year 1976 was arbitrary, unreasonable and made without adequate consideration for the responsibilities and duties assigned to and performed by the Sheriff of Dodge County.

"11. The salary of Sheriff of Dodge County should be and is determined to be in the amount of $15,600.00 per annum."

The figure $15,600 was drawn from the following testimony of Sheriff Vanderhyde at trial:

"Q Now, sheriff, while you feel that the amount of increase that you have been given has been done in a manner which has been rather arbitrary and certainly has not taken into regard what your duties and responsibilities of Sheriff of Dodge County are, what, in fact, do you feel that a fair and reasonable salary for 1976 would be?

"A I believe I should have a 13 percent increase, to be average with the rest of the county department heads.

"Q And what, approximately, would that be, on a monthly basis, dollarwise?

"A $150.00 a month.

"Q And that being so, what would your final salary for the year be?

"A $15,600.00."

The district court's memorandum thoroughly sets out its rationale in deciding in the sheriff's favor. The memorandum discusses the evidence before the court, takes judicial notice of certain other facts, and reaches the following conclusion:

"The salary request on appeal by the Dodge County Sheriff is eminently reasonable and is amply supported by the evidence. Accordingly, this Court has determined the 1976 salary of the Dodge County Sheriff to be in the amount of $15,600.00 per annum."

The legal issue is a narrow one: Does the record support the findings and conclusion of the district court?

This court has decided two previous cases under the sheriffs' appeal statute: *Cahill v. Beltrami County,* 224 Minn. 564, 29 N.W.2d 444 (1947); *In re Petition of Zillgitt v. Goodhue County Board,* 295 Minn. 9, 202

N.W.2d 378 (1972).[1] These cases establish the principle that the "district court is vested with wide discretion in determining the sheriff's salary and could in fact even fix the salary in an amount greater than the amount suggested by the sheriff to the county board in his request for salary adjustment." *Zillgitt,* 295 Minn. at 12–13, 202 N.W.2d at 380. The following language from *Cahill, supra,* is also applicable:

"In determining the amount of a sheriff's salary, the court is necessarily vested with wide discretion. We have examined the record and find that there was no abuse thereof. We refrain from discussing the evidence to point out wherein it sustains the trial court's decision, because to do so would serve no useful purpose so far as establishing a precedent and would only prolong the opinion." 224 Minn. 568.

The court correctly followed the statute by stating in its memorandum:

"The determination of the salary for the office of Sheriff on appeal to District Court is on a different basis than other county officials. Specifically, Minnesota Statute, § 387.20(7), provides that, on appeal, the District Court shall set the salary for the office of Sheriff after a hearing de novo.

"The rationale for the differing treatment for sheriffs' salaries most probably results from the fact that the Sheriff acts as an officer of the judicial branch of government in addition to his duties as a member of the executive branch."

■ We therefore find no abuse of discretion by the trial court. The findings are supported by the evidence and are not clearly erroneous. The county board should proceed in conformity with these findings.

Affirmed.

1. For a recent case decided under a similar statute applicable to court clerks, see, *Busse v.*

*Board of County Commissioners of Sibley County,* Minn., 241 N.W.2d 794 (1976).