IN RE COUNTY OF BELTRAMI PROBATION OFFICER.
JAMES THOREEN, AUDITOR OF
BELTRAMI COUNTY, PETITIONER.

249 N. W. 2d 178.

December 17, 1976—No. 47356.

*Erickson & Casey, Carl E. Erickson,* and *John H. Erickson,* for petitioner.

*Warren Spannaus,* Attorney General, *Richard B. Allyn,* Solicitor General, and *Kent G. Harbison,* Special Assistant Attorney General, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Petitioner James Thoreen, Beltrami County Auditor, seeks a writ of prohibition restraining the Beltrami County Court, Family Division, from enforcing its successive orders directing petitioner to enter the name of John E. McMahan upon the county roll as assistant probation officer of Beltrami County and to accomplish salary payment to him under penalty of contempt for failure to comply. Writ shall issue.

The factual and procedural history is undisputed for purposes of consideration of the instant petition. On January 13, 1976, the Beltrami County Board of Commissioners reviewed the proposed 1976 salary budget and unanimously approved the proposal governing probation services which included salary provi-

sions for two county probation officers. The effect of the budget approval was to continue to provide two county probation officers, first allowed in 1972, to service the court.

On May 5, 1976, one of the probation officers notified the court in writing of her intention to tender her resignation, effective August 1, 1976. Upon her removal from the county payroll on that latter date, the court commenced recruitment efforts to fill the vacancy. By order dated September 29, 1976, the court appointed McMahan as assistant probation officer, effective October 15, 1976. In addition, the court fixed the rate of compensation applicable to the new employee, subject to approval by the board.

The county board was convened on October 13, 1976, and unanimously denied the salary expenditure. Although the court was informed of the decision on October 14, 1976, McMahan commenced his employment at the court's direction on October 15, 1976.

On October 25, 1976, the court appeared before the board, but his request for the latter's amended decision was not resolved. By order dated November 1, 1976, the court again directed petitioner to perform all acts necessary to enroll McMahan as a county employee and to issue his salary from county funds. Similar orders, also enforceable by penalty of contempt, were issued by the court on November 17 and 24, 1976.

However, a resolution of the county board, adopted on November 16, 1976, and intervening the successive orders of the court, including a finding that one probation officer is sufficient to meet the needs of the county court, concluded that the board unanimously affirmed its denial of the court order dated October 29, 1976.

In support of the petition for the writ of prohibition, petitioner asserts that the county court is without statutory authority to order the employment of a probation officer without county board approval. The sole issue for our consideration is thus whether the county court is authorized by statute or by an exer-

cise of its inherent power to direct a county official to issue salary payments to a county employee appointed but not approved by the county board.

Minn. St. 260.311, subd. 1, governs the appointment of probation officers in counties of less than 200,000 population and provides in pertinent part:

"Subdivision 1. In all counties of more than 200,000 population, the court shall appoint one or more persons of good character to serve as probation officers during the pleasure of the court. All other counties shall provide probation services to county courts in one of the following ways:

"(1) The court, with the approval of the county boards, may appoint one or more salaried probation officers to serve during the pleasure of the court."

The court analyzed the statutory provision and interpreted it to allow it to fill a vacancy created by the resignation of one of two board-approved positions without a repetitive reestablishment by the court of the practical necessity of the position. The court concluded that to hold otherwise would allow the subjection of the court to the complete dominance of the county board

"* * * in violation of the clear directive of the statute that the court shall appoint the Probation Officer."

It then implemented the recited procedures to bypass the county board, stating that its appearance before the board to argue the merits of the refusal to approve McMahan's appointment was a sufficient exhaustion of administrative remedies to justify its subsequent orders.

In the recent decision of In re Clerk of Lyon County Courts, 308 Minn. 172, 241 N. W. 2d 781 (1976), we extensively reviewed the rights and scope of the inherent powers of the court. Although factually distinguishable in that the district court attempted to set the salary of the clerk of court by an exercise of its inherent power and without regard for the statutory proce-

dure mandating compliance, the procedures espoused therein are determinative.

We noted that although inherent judicial power comprehends all authority necessary to preserve and improve the function of deciding cases, it may not be asserted unless constitutional provisions are followed and established and reasonable legislative-administrative procedures are first exhausted. The specific procedure to be employed was set forth as follows:

"(4) When established and reasonable procedures have failed, an inferior court may assert its inherent judicial power by an independent judicial proceeding brought by the judges of such court or other parties aggrieved. Such a proceeding must include a full hearing on the merits in an adversary context before an impartial and disinterested district court. That court shall make findings of fact and conclusions of law in accordance with the standards set forth in this opinion and may grant appropriate relief." 308 Minn. 181, 241 N. W. 2d 786.

Upon analysis, the actions of the county court are inconsistent with the principles mandated in the Lyon County matter. The county court's dual participation as a party litigant and a judicial body is inapposite to procedures requiring that an adversary hearing be conducted before an impartial and disinterested district court. In addition, the court's personal appearance before the county board to advocate its position is not commensurate with the exhaustion of legislative-administrative procedures as contemplated by this court.

Rather, the county court should have availed itself of the mandamus procedures of Minn. St. 586.01, which provides:

"The writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. It may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

Within that context the district court[1] will provide the proper forum to consider the competing interests of the parties, as well as the applicable test as to whether the relief requested by the county court is a practical necessity to the performance of the judicial function.

We are not unmindful of the extent to which the appointee McMahan has been prejudiced by the improper procedure employed herein, for he has to date served in that capacity for more than 6 weeks without salary or other compensation. It was this consideration, among others, which in part led the county court to undertake what it considered was an acceptable procedural shortcut. To the end that the employee may ascertain his employment status in the most expeditious manner, we direct the cooperation of the parties to fully and immediately present the factual and procedural issues to the district court for a prompt determination on the merits.

Writ shall issue.

---

[1] As we noted in In re Clerk of Lyon County Courts, *supra,* this court will, if necessary, provide a judge from outside the judicial district. See, Busse v. Board of County Commissioners, 308 Minn. 184, 241 N. W. 2d 794 (1976).