Judith A. **BESEMER**, Respondent,

v.

**BOARD OF COUNTY COMMISSIONERS, BROWN COUNTY,**
**Minnesota, Appellant.**

**No. C7–84–1039.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Robert M. Halvorson, New Ulm, for respondent.

R.T. Rodenberg, New Ulm, for appellant.

Heard, considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court, upon a de novo review of a county board resolution setting the budget and salaries for the clerk of courts' office, found that the board action was arbitrary, capricious, and oppressive and failed to take into account, in any meaning-

ful way, the extent of the employees' responsibilities and duties. The court ordered an increased budget and salaries, and awarded attorney fees to the clerk. We affirm.

## FACTS

On January 25, 1984, the appellant board met to set salaries and the budget for the clerk of courts' office. The commissioners considered such factors in setting the salary as the mill levy limit imposed by the legislature, the economy, and the concern that salary increases for all non-union personnel employed by the county be equal. For the most part, the commissioners were not aware of the duties and responsibilities of the employees of the clerks' office and only generally, if at all, took these factors into account in setting salaries. Respondent Besemer provided the commissioners with information comparing salaries, experience, case load and other statistics about the employees in the Brown County clerk of court's office with employees of other clerk of court's offices in the Fifth Judicial District counties. Information was also presented as to the competency and efficiency of the employees. The board issued a resolution setting the salaries and budget, and the respondent appealed to the district court. The district court vacated the resolution, ordered salaries it found "fair, reasonable, proper and just," ordered an increased budget, and ordered attorney fees.

## ISSUES

1. Was the trial court clearly erroneous when it vacated appellant's resolution and set a higher budget and salaries?

2. Did the trial court properly award attorney fees to respondent for that portion of the litigation attributable to obtaining an increase in the salary of respondent?

## ANALYSIS

1. The respondent appealed the resolution of the appellant setting her salary and salaries for the deputy clerks employed in the clerk of courts' office pursuant to Minn.Stat. § 485.018, subd. 7 (1982) and Minn.Stat. § 487.13 (1982). Minn.Stat. § 485.018, subd. 7, provides the standard of review for the district court when it hears such appeals.

> * * * [T]he court shall review the decision or resolution of the board in a hearing de novo and may hear new or additional evidence * * *.
> If the court shall find that the board acted in an arbitrary, capricious, oppressive or unreasonable manner or without sufficiently taking into account the responsibilities and duties of the office of the clerk, it shall make such order to take the place of the order appealed from as is justified by the record and shall remand the matter to the county board for further action consistent with the Court's findings.

■ The district court has broad discretion to adjust the disputed salaries under this statute. *Busse v. Board of Commissioners, Sibley County,* 308 Minn. 184, 189, 241 N.W.2d 794, 797 (1976). Unless they are clearly erroneous we must accept trial court findings characterizing the action of the county board. *Amdahl v. County of Fillmore,* 258 N.W.2d 869, 874–75 (Minn.1977).

■ The evidence indicates that the appellant did not take into account the duties and responsibilities of the clerks' office in setting the salaries of the clerk and deputies, as it was required to do under Minn. Stat. § 485.018, subd. 7. Instead, its concern was confined to salary increases that were the same "across the board" for all non-union personnel employed by the county. The base salary was determined according to an employee classification adopted in 1981 in a plan which did not take into account the duties and responsibilities of the clerk or deputies.

The circumstances here are much like those in *Busse.* Trial court findings of error in the approach of the county board are not clearly erroneous.

The salary increases ordered by the district court were substantial. The basis for

the court's decision included evidence comparing salaries, duties, case load, experience and other facts regarding the Brown County clerk of courts' office employees and other clerk of court employees in the Fifth Judicial District, and evidence of the competent and efficient job performances by the clerk and her deputies. The trial court did not abuse its discretion in adjusting salaries of these employees.

The county board of commissioners acted in good faith in its effort to deal uniformly with its employees. Still, statutes require evaluation of the duties of court clerks, and the district court is required to enforce that standard.

2. The second issue before the court is whether the trial court properly awarded attorney fees. In general, attorney fees will not be awarded absent specific statutory or contractual authorization. *Midway National Bank v. Gustafson*, 282 Minn. 73, 81, 165 N.W.2d 218, 224 (1968). In *Busse*, however, the supreme court held that an award of attorney fees for that portion of the litigation pertaining to the budget of the clerk's office was allowable; the court specifically declined to comment on the appropriateness of an award of attorney fees for a clerk who seeks an increase in her own salary.

The supreme court reasoned that the statute authorized the clerk to engage in litigation in his official capacity for the benefit of the court system. While the clerk should ordinarily be represented by the county attorney's or the attorney general's office when litigating in his official capacity, a conflict is present in this statutory appeal because the appeal attacks a county board decision. The court held:

> Since representation of the clerk by private counsel best serves the public interest in this dispute, and since it would be unfair to saddle the clerk with attorneys fees for representing his office, we hold that the clerk is entitled to reasonable attorneys fees in the district court and in this court.

*Id.* at 191, 241 N.W.2d at 798.

Appellant contends that, under *Busse*, when a clerk's own salary is appealed,

there should be no allowance of attorney fees. In *Amdahl*, as in *Busse*, the supreme court affirmed an award of attorney fees which was set for the portion of litigation expenses attributable to the issue of budget increases.

In many cases, prosecution of appeals such as this one benefit both the individual clerk and the office of the clerk of courts and the judicial system in the county.

The trial court found that there was no additional legal work involved simply because the clerk's salary as well as the deputies' salaries were at issue, nor was it aware of any way that the attorney fees could be apportioned to separate those incident to the appeal for the clerk's personal salary from the rest of the appeal. In addition, the court found that the prosecution was for the benefit of the office of the clerk of courts and the judicial system in Brown County, and that the clerk was working in good faith towards that end. These findings are supported by the record. We conclude that the trial court award was in accord with the supreme court decision in *Busse*.

## DECISION

The trial court's order vacating the resolution, ordering increased salaries and budget, and ordering attorney fees for the respondent is affirmed.

Affirmed.