## In re MILLE LACS COUNTY ATTORNEY SALARY AND BUDGET FOR 1987.

John C. HOFFMAN, County Attorney, Mille Lacs County, Minnesota, Respondent,

v.

COUNTY BOARD OF COMMISSIONERS, MILLE LACS COUNTY, MINNESOTA, Appellant.

No. CX–87–1602.

Court of Appeals of Minnesota.

April 19, 1988.

Review Dismissed June 22, 1988.

Frank J. Madden, Pamela R. Galanter, Minneapolis, for Mille Lacs County Attorney Salary and Budget for 1987.

Robert C. Halvorsen, Halvorsen & McGough, St. Paul, for Hoffman.

Minnesota County Attys. Ass'n, William J. Jeronimus, St. Paul, for amicus Minnesota Co. Attys. Ass'n.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and SCHULTZ*, JJ.

## OPINION

NIERENGARTEN, Judge.

The Mille Lacs County Attorney appealed from action taken by the Mille Lacs County Board of Commissioners (Board) in setting the 1987 budget and salaries for the county attorney and employees in the county attorney's office. The district court found the Board's action in setting the salaries for the attorneys was arbitrary, capricious and with "unreasonable disregard" of the responsibilities and duties of the positions. The court ordered the Board to set salaries consistent with the trial court's findings of fact. The Board appeals. We reverse.

## FACTS

John C. Hoffman, admitted to the bar in 1982 and in private practice for about two and one-half years, was appointed Mille Lacs County Attorney in 1985 at an annual salary of $35,000. In 1986 he received $36,750.

The county attorney's office employs two assistant county attorneys. One, graduated from law school in May 1983 and admitted to the bar in May 1984, was hired in November 1984 at an annual salary of $19,000. The attorney's salary increased to $19,750 in May 1985 and increased to $23,000 in 1986. Hoffman requested an increase to $32,000 for 1987. The second assistant county attorney was hired in December 1985 at a salary of $19,500. In 1986 her salary was increased to $21,000.

Hoffman requested an increase to $29,000 for her.

The two clerical employees in the Mille Lacs County Attorney's Office are classified as legal secretaries. Their salaries were $16,453 and $16,058 in 1986. Hoffman requested that both employees' salaries be increased to $20,628 for 1987, maintaining that the two actually functioned as paralegals.

Prior to setting the salaries, the Board retained Howard Hoy to conduct a comparable worth job study in accordance with the Minnesota pay equity act. *See* Minn. Stat. §§ 471.991–.999 (1986). In addition to a comparable worth report, the Board had materials submitted by Hoffman for its consideration. These included:

1. A memo from Hoffman regarding workload and overtime in his office.
2. The 1986 Minnesota County Attorneys Association Salary Survey.
3. Statistics regarding the office caseload.
4. A memo from Hoffman detailing his salary proposal and the reasons for the increases.

The Board also gathered some information on its own regarding salaries paid in comparable counties.

On March 17, 1987, the Board set the employee's salaries which resulted in the following changes:

|  | 1986 | 1987 |
|---|---|---|
| County Attorney | $36,750 | $37,485 |
| Asst. County Attorney | 23,000 | 25,500 |
| Asst. County Attorney | 21,000 | 23,460 |
| Clerical | 16,453 | 16,786 |
| Clerical | 16,058 | 16,370 |

In May 1987 the assistant county attorneys received additional raises, retroactive to January 1, 1987, to $26,520 and $24,480. Their salaries for 1987 were increased approximately 16 percent increase over their 1986 salaries. Hoffman and the clerical workers received 2 percent increases.

On March 20, 1987, Hoffman appealed the budget resolution. In June 1987 the budget appeal was heard and on July 17, 1987, the court issued an order setting

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

aside the Board's budget resolution of March 17, 1987, and ordering the Board to reconsider and set salaries consistent with the findings of the court.

The trial court made extensive findings of fact. The court found the duties of the two clerical workers were more consistent with those of a legal secretary than a paralegal because

> [t]hey do not do legal research, they do not go into court and then draft orders, they do not review and make determinations as to probable cause issues on either complaints or search warrants, although they do prepare complaints.

The court found that the assistant county attorneys' salaries were below the average for the Seventh Judicial District, the county attorneys in adjacent counties, and county attorneys in counties of similar size and character. The court also found that the $32,000 and $29,500 salaries requested by the county attorney were reasonable. The court found that the 2 percent raise given to Hoffman was arbitrary and indicated that $43,404 for a county attorney "would be reasonable and would be an appropriate amount of compensation for the duties and responsibilities of that office."

The court gave the Board 20 days to respond to its order. On August 14, 1987, the Board filed an appeal with the Minnesota Court of Appeals. On August 25, 1987, in response to a contempt motion filed by Hoffman based on the Board's failure to report back to district court, the Board indicated it resolved to raise Hoffman's salary to $40,000, and the assistant county attorneys' salaries to $29,500 and $26,500. The trial court found the salary determinations were still unreasonable and set them aside. The Board appeals.

## ISSUES

1. Did the trial court err in finding the Board acted arbitrarily, capriciously, oppressively, or with unreasonable disregard for the duties and responsibilities of the office in setting salaries for the county attorney's staff?

2. Did the trial court exceed its authority in essentially setting acceptable salaries for the county attorney and assistant district attorneys?

3. Is respondent entitled to attorney fees in defending this appeal?

## ANALYSIS

### I

The county attorney, if dissatisfied with the action of the county board in setting the amount of the county attorney's salary or the amount of the budget for the office of county attorney, may appeal to the district court on the grounds that the determination of the county board in setting such salary or budget was arbitrary, capricious, oppressive or in unreasonable disregard for the responsibilities and duties of said office, and the county attorney's experience, qualifications, and performance. * * * On the hearing of the appeal the court shall review the decision or resolution of the board in like manner as though reviewed by certiorari, except new or additional evidence may be taken. * * * If the court shall find that the board acted in an arbitrary, capricious, oppressive or unreasonable manner *it shall remand the matter to the county board for further action consistent with the court's finding.*

Minn.Stat. § 388.18, subd. 6 (1986) (emphasis added).

■ In reviewing the action of the trial court, this court is to independently examine the record and make a determination as to the propriety of the Board's decision. *Amdahl v. County of Fillmore*, 258 N.W.2d 869, 874 (Minn.1977). No special deference need be given to the review conducted by the trial court. *Id.*

■ According to the record, the Board was engaged in negotiating salaries with five unions, where it intended to fight for a maximum of a 2 percent increase. The Board evidently decided to include the county attorneys and non-union employees in this blanket increase without regard for the duties of the office as required by statute. The trial court was correct in

finding this action arbitrary and capricious with regard to the attorneys' salaries.

■ However, the situation is different with regard to the clerical staff. Hoffman requested significant raises for these staff members because he felt that their work was more in the nature of a paralegal than a secretary. These staff members did no legal research, made no court appearances, and did little or no original writing. Their preparation of documents was usually limited to filling in the appropriate blanks. Both people were compensated for overtime which added to their base pay. The record supports a finding that the clerical staff was adequately compensated for its duties.

II

■ The more critical issue seems to be whether the trial court actually set the salaries for the attorneys, and if so, whether it exceed its authority in doing so.

In its order the trial court indicated that the pay range from the comparable worth study for the county attorney was $32,088 to $43,404 and that while the county attorney's request of $45,000 exceeded that amount, $43,404 would be reasonable and appropriate. The study gave a range of $24,468 and $33,120 for assistant county attorneys. The court indicated that setting the assistant county attorneys' salaries at Hoffman's request of $32,000 and $29,500 was reasonable.

The court ordered the Board to re-evaluate its salary structure in light of the court's findings. The Board returned with a salary determination of $40,000 for the county attorney and $29,500 and $26,500 for the assistant county attorneys. The court found that these amounts were less than what the court found to be reasonable and were still in fact unreasonable and set the Board's action aside.

It is clear that the only acceptable figures for the trial court were those given in its order and thus the court effectively set the salaries for the attorneys and in doing so exceeded its authority. The statute governing the appeal for the county attorney and the budget requires that the district court remand the matter to the Board for determination. The district court remanded the matter to the Board but then found that the new amount determined by the Board was unreasonable. This second determination by the court is not supported by the record and must be reversed.

■ The salaries presented by the Board to the court in August were well within the range suggested by the comparable worth study. While it is true that salary should depend primarily on duties of the office, see Stensland v. County of Faribault, 365 N.W.2d 224, 229 (Minn.1985), other considerations are performance, experience and available resources. The Board members testified that while all of the attorneys performed satisfactorily, they all lacked experience, especially compared to the experience of county attorneys with higher pay in other counties. The Board presented evidence on the depressed financial conditions in Mille Lacs County in terms of unemployment and the county's ability to raise revenue. See Amdahl, 258 N.W.2d at 876.

III

■ Hoffman has requested attorney fees for this appeal. The court has discretion to award such fees. See Amdahl, 258 N.W.2d at 877; Busse v. Board of County Commissioners, 308 Minn. 184, 190–91, 241 N.W.2d 794, 798 (1976). Since Hoffman was acting on behalf of his office budget, as well as his own salary, he is granted those attorney fees attributable to the necessity of responding to this appeal on behalf of his office.

DECISION

The trial court correctly determined the Board acted arbitrarily in its initial salary determination. The court erred in rejecting the salaries proposed by the Board in response to the court's order. The county attorney is granted that portion of attorney fees attributable to responding to this appeal on behalf of his office but is not granted attorney fees attributable to the litigation of his own salary. He must segregate those fees and submit them in affi-

davit form to this court within ten days of the release of this opinion.

Reversed.